1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

MATCONUSA LP,

CASE NO. C19-1952JLR-TLF

11

                              Plaintiff,

ORDER ADOPTING REPORT
AND RECOMMENDATION

         v.

12
13

HOUSTON CASUALTY
COMPANY, et al.,

14

                              Defendants.

15

## I.    INTRODUCTION

16

17          This matter comes before the court on the Report and Recommendation of United

18  States Magistrate Judge Theresa L. Fricke (R&R (Dkt. # 59)) and the objections thereto

    filed by Defendant Marsh USA Inc. ("Marsh") (Obj. (Dkt. # 65)).  Magistrate Judge

19
    Fricke recommends to the court that it grant in part and deny in part Marsh's motion to

20
    dismiss (MTD (Dkt. # 43)).  (R&R at 1.)  Plaintiff MatconUSA LP ("Matcon") and

21
    Defendant Houston Casualty Company ("HCC") responded to Marsh's objections.

22

1  (Matcon Resp. (Dkt. # 66); HCC Resp. (Dkt. # 67).)   The court has carefully reviewed

2  the foregoing documents, the balance of the record, and the applicable law.  Being fully

3  advised,[1] the court ADOPTS the Report and Recommendation and GRANTS in part and

4  DENIES in part Marsh's motion to dismiss.

5  ## II.   BACKGROUND

6      Because the Report and Recommendation sets forth the detailed factual and

7  procedural background of this case (*see* R&R at 1-5), the court focuses here on the

8  background relevant to Marsh's motion to dismiss.

9      This action arises out of a construction project at 1200 Stewart Street in Seattle,

10  Washington ("the Project").  (SAC (Dkt. # 30) ¶ 7.)  As part of the Project, Matcon

11  enrolled as an insured in an Owner Controlled Insurance Program ("OCIP") administered

12  by Marsh.  (*Id.* ¶ 12; *see also* Dkt. # 47-1 ("Project Insurance Manual").[2])  An OCIP is a

13  type of "wrap-up insurance program" that is purchased to insure large construction

14  projects such as the Project.  (SAC ¶ 7.)  The OCIP includes a primary liability policy

15  issued by HCC.  (*Id.* ¶ 9.)

16      Matcon alleges that, according to the claim reporting provisions of the Project

17  Insurance Manual issued by Marsh, enrolled contractors such as Matcon were to report

18  claims for injury to the public or damage to property within the Project construction site

19

20      [1] Marsh requested oral argument.  (Obj. at 1.)  The court, however, finds oral argument unnecessary to its disposition of Marsh's objections.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

21

22      [2] As discussed below, the court grants Matcon's request to consider certain documents that its second amended complaint refers to and relies upon.  *See infra* § III.B.

ORDER - 2

1   "to the Owner and General Contractor with a copy to Marsh."  (*Id.* ¶¶ 13-15; *see* Project

2   Insurance Manual at 13.)  In October 2018, the Project's general contractor, Graham

3   Construction & Management, Inc. ("Graham") alleged that Marsh was liable for property

4   and other damage at the Project.  (SAC ¶ 17.)  Matcon states that it immediately reported

5   Graham's damage claim "in the manner specified by the Project Insurance Manual . . . by

6   also sending a copy of the [c]laim to Marsh."  (*Id.* ¶ 18.)  Graham asserted additional

7   claims against Matcon in November, which Matcon again reported "as specified in the

8   Project Insurance Manual" by sending the claims to Marsh.  (*Id.* ¶¶ 20-21.)  Matcon

9   received no response from either HCC or Marsh to its attempts to report those claims.

10   (*See id.* ¶¶ 19, 22.)  Graham then terminated Matcon from the Project and withheld

11   payment for work Matcon had already completed.  (*Id.* ¶ 23.)  Matcon subsequently made

12   two additional requests for insurance benefits by providing copies of its claims to Marsh

13   but again did not receive any response from HCC or Marsh.  (*See id.* ¶¶ 24-28.)  In

14   relevant part, Matcon now alleges claims against Marsh for negligence (*see id.* ¶¶ 55-57)

15   and for tortious interference with economic relations (*see id.* ¶¶ 58-63).

16                   **III.   ANALYSIS**

17        Magistrate Judge Fricke recommends that the court: (1) consider certain

18   documents that the parties submitted in support of or in opposition to Marsh's motion to

19   dismiss (*see* R&R at 6-11); (2) deny Marsh's motion to dismiss Matcon's negligence

20   claim (*see id.* at 11-17); and (3) grant Marsh's motion to dismiss Matcon's tortious

21   interference with business relationships claim without prejudice (*see id.* at 17-18).  Marsh

22   objects to Magistrate Judge Fricke's recommendations that the court consider six

1    documents submitted by Matcon (Obj. at 6-8) and deny Marsh's motion to dismiss

2    Matcon's negligence claim (*id.* at 9-14).  No party objects to Magistrate Judge Fricke's

3    recommendation that the court dismiss Matcon's tortious interference claim.  (*See* R&R

4    at 17-18; *see generally* Dkt.)

5       The court begins by reviewing Magistrate Judge Fricke's recommendation to

6    consider certain documents in deciding the motion to dismiss before turning to her

7    recommendation to deny Marsh's motion to dismiss Matcon's negligence claim.

8   **A.**     **Standard of Review**

9       A district court has jurisdiction to review a magistrate judge's report and

10    recommendation on dispositive matters.  *See* Fed. R. Civ. P. 72(b).  "The district judge

11    must determine de novo any part of the magistrate judge's disposition that has been

12    properly objected to."  *Id.*  "A judge of the court may accept, reject, or modify, in whole

13    or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.

14    § 636(b)(1).  The court reviews de novo those portions of the report and recommendation

15    to which specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d

16    1114, 1121 (9th Cir. 2003) (*en banc*).

17   **B.**     **Requests to Consider Documents**

18       Marsh objects to Magistrate Judge Fricke's recommendation that the court

19    consider six documents that Matcon offered to support its opposition to Marsh's motion

20

21

22

1    to dismiss.[3]  (Obj. at 6-8.)  Although the scope of review on a motion to dismiss for

2    failure to state a claim is generally limited to the complaint, a court may consider

3    evidence on which the complaint "necessarily relies" if:  (1) the complaint refers to the

4    document; (2) the document is central to the plaintiff's claim; and (3) no party questions

5    the authenticity of the document.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998

6    (9th Cir. 2010) (quoting *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006) (internal

7    quotation marks omitted)).  The court's consideration of the documents, however, is

8    limited by the principle that it may not draw inferences or take notice of facts that might

9    reasonably be disputed on the basis of those documents.  *United States v. Corinthian*

10   *Colls.*, 655 F.3d 984, 999 (9th Cir. 2011).

11         Marsh does not dispute the authenticity of the documents.  (*See generally* Obj.)  It

12   asserts, however, that Matcon's second amended complaint does not refer to the

13   documents and that the documents are not central to Matcon's claims.  (*Id.* at 6-8.)  As a

14   result, according to Marsh, Magistrate Judge Fricke erred when she considered the

15   documents in evaluating Marsh's motion to dismiss.  The court disagrees and adopts

16   Magistrate Judge Fricke's recommendation regarding the documents.

17         First, Marsh objects to Magistrate Judge Fricke's consideration of four emails

18   from Matcon Project Manager Sylvia Bourgeois to Marsh's OCIP Program Manager,

19   Natalie Cordova, which attach copies of the insurance claims that Matcon submitted

20

21         [3] Marsh agrees, however, with Magistrate Judge Fricke's recommendation that the court
     consider the Project Insurance Manual because Matcon's complaint "relies on it extensively."
22   (*See* Obj. at 7 (citing SAC ¶¶ 13-16, 18, 21, 55).)

1    through Marsh's OCIP Claim Portal.  (Obj. at 7-8 (citing Dkt. ## 47-2, 47-3, 47-4, 47-5).)

2    Matcon's complaint, however, explicitly refers to the four emails—and quotes two of

3    them.  (*See* SAC ¶¶ 18, 21, 24, 27.)  These emails are central to Matcon's claim because,

4    absent an allegation that it put Marsh on notice of its claim, it would have no ground to

5    allege that Marsh breached a duty when it failed to apprise HCC of the claims that

6    Matcon had sent to it.  (*See id.* ¶¶ 55-57; Matcon Resp. at 3.)  Therefore, the court adopts

7    that portion of Magistrate Judge Fricke's Report and Recommendation recommending

8    that the court consider the four emails from Ms. Bourgeois to Ms. Cordova.

9         Second, Marsh objects to Judge Fricke's consideration of two documents relating

10   to the OCIP at issue in this case:  a Certificate of Liability Insurance for operations at the

11   Project site, which identifies Marsh as the "Producer" and Matcon as the

12   "Insured" (Dkt. # 48-2 ("Certificate")); and an Engagement Letter from Marsh to the

13   Project owner, Westbank Holdings US Ltd. ("Westbank"), which lists the services that

14   Marsh would provide as insurance broker for the Project and the terms and conditions for

15   those services (Dkt. # 48-7 ("Engagement Letter")).  (Obj. at 8.)  First the court agrees

16   that the Certificate of Liability Insurance is properly before the court because Matcon's

17   claims depend on its enrollment in the OCIP administered by Marsh.  (*See* R&R at 10.)

18   Second, the court agrees that the Engagement Letter is properly before the court.  As

19   Judge Fricke observed, the Engagement Letter lays out the terms and conditions of the

20   OCIP that forms the basis of Matcon's complaint.  (*See id.*)  Although the complaint does

21   not expressly refer to the Engagement Letter, it repeatedly refers to Marsh's duties under

22   the Project Insurance Manual.  (*See generally* SAC).  The Project Insurance Manual in

ORDER - 6

1  turn states that it provides "only a general overview of the OCIP for convenience of

2  reference" and that the provisions in the manual are "subject in all respects to the terms

3  and conditions of the actual insurance policies and related contracts between the parties."

4  (*See* Project Insurance Manual at 3.)  Thus, the court agrees with Magistrate Judge Fricke

5  that the complaint necessarily relies on the Engagement Letter because the Project

6  Insurance Manual—which all parties agree is properly before the court—incorporates the

7  terms and conditions contained in the Engagement Letter.  (*See* R&R at 10.)

8  Accordingly, the court ADOPTS that portion of the Report and Recommendation

9  regarding the documents to consider in evaluating Marsh's motion to dismiss.

10  **C.      Matcon's Negligence Claim**

11          Marsh objects to Magistrate Judge Fricke's recommendation that the court deny

12  Marsh's motion to dismiss Matcon's negligence claim because Matcon "fail[ed] to plead

13  that Marsh breached any duty found in the [E]ngagement [L]etter."  (Obj. at 9.)  It asserts

14  that Magistrate Judge Fricke erred in her analysis of the six-factor test set forth in *Trask*

15  *v. Butler*, 872 P.2d 1080, 1083 (Wash. 1994), in determining that Marsh owed Matcon a

16  duty as a non-client third party.  (Obj. at 10-14.)  The court considers these arguments

17  below.

18          1.      Standard of Review

19          Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to

20  state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When

21  considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in

22  the light most favorable to the nonmoving party.  *Livid Holdings Ltd. v. Salomon Smith*

ORDER - 7

1    *Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  The court must accept all well-pleaded

2    facts as true and draw all reasonable inferences in favor of the plaintiff.  *Wyler Summit*

3    *P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  The court,

4    however, is not required "to accept as true allegations that are merely conclusory,

5    unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State*

6    *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "To survive a motion to dismiss, a

7    complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

8    relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

9    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v.*

10   *Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  "A claim has facial plausibility when the

11   plaintiff pleads factual content that allows the court to draw the reasonable inference that

12   the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 677-78.  Dismissal

13   under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence

14   of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police*

15   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

16       2.    Analysis

17       To state a claim for negligence under Washington law, a plaintiff must allege (1)

18   the existence of a duty; (2) breach of that duty; (3) resulting injury; and (4) that the

19   breach was a proximate cause of that injury.  *Ranger Ins. Co. v. Pierce Cnty.*, 192 P.3d

20   886, 889 (Wash. 2008).  "A duty of care is 'an obligation, to which the law will give

21   recognition and effect, to conform to a particular standard of conduct toward another.'"

22

1   *Centurion Props. III, LLC v. Chi. Title Ins. Co.*, 375 P.3d 651, 654 (Wash. 2016) (quoting

2   *Affil. FM Ins. Co. v. LTK Consulting Servs., Inc.*, 243 P.3d 521, 525 (Wash. 2010)).

3          Matcon asserts that Marsh "had duties to Matcon under the OCIP Insurance

4   Manual and under applicable law" and that it breached these duties "in many ways,

5   including but not limited to failing to apprise or notify [HCC] or any other potentially

6   responsible OCIP insurance companies of Matcon's numerous requests for OCIP

7   insurance benefits."  (SAC ¶¶ 55-56.)  In its motion to dismiss, Marsh argued that

8   Matcon's negligence claim must be dismissed because Matcon failed to plausibly allege

9   that Marsh owed it any duty.  (MTD at 4-5.)  Marsh argued that the terms of the Project

10  Insurance Manual contradict Matcon's allegation that Marsh owed it a duty to notify

11  HCC about Matcon's dispute with Graham.  (*Id.* at 5.)  It contended that the terms of the

12  Project Insurance Manual showed definitively that Marsh's only responsibility with

13  respect to claim reporting under the OCIP was merely "administrative" – that is, its duty

14  was "simply to keep track of a Claim by receiving a 'copy' of lawsuits against OCIP

15  insureds."  (*Id.* at 5-7 (citing Project Insurance Manual at 13).)[4]

16         It is true that the Claim Reporting page of the Project Insurance Manual refers, in

17  two bold-face sentences, to "lawsuits/summons."  (*See* Project Insurance Manual at 13.)

18

19  _____

20       [4] Marsh also asserted that Matcon's negligence claim must fail under the independent
    duty doctrine, which limits a party's ability to assert a tort claim under certain circumstances
    where a contract exists between the parties.  (MTD at 9-10); *see Eastwood v. Horse Harbor*

21  *Found.*, 241 P.3d 1256, 1261-62 (Wash. 2010).  As Magistrate Judge Fricke correctly
    recognized, however, Matcon does not allege that it had a contractual relationship with Marsh.

22  (*See* R&R at 12; *see generally* SAC.)  No party objects to Magistrate Judge Fricke's conclusion
    that the independent duty doctrine does not bar Matcon's negligence claim.  (*See generally* Dkt.)

1    In the discussions that follow the bold-face sentences, however, the instructions refer to

2    "Claims." (*See id.*)  Because "Claim" is undefined in the Project Insurance Manual,

3    however, it is unclear whether a "Claim" refers only to a lawsuit or summons, or more

4    broadly to any potential claim that could be brought under the OCIP. (*See generally id.*)

5    The court concludes that the interpretation of the Claim Reporting language and whether

6    it bars Matcon's claim that Marsh assumed a duty pursuant to that language to report

7    Matcon's claims to HCC depend on questions of fact that are inappropriate to resolve at

8    this stage of the proceedings.

9          In its reply, Marsh contended that it could not owe *any* duty to Matcon since

10   Matcon was not Marsh's customer and was not in a contractual relationship with Marsh.

11   (*See* MTD Reply (Dkt. # 49) at 11-12.)  In resolving this dispute, Magistrate Judge Fricke

12   applied the six factors set out in *Trask* and determined that Matcon had sufficiently

13   pleaded that Marsh owed it a tort duty as a non-client third party. (*See* R&R at 12-17.)

14   The *Trask* factors ask the court to evaluate:  (1) the extent to which the transaction was

15   intended to benefit the plaintiff; (2) the foreseeability of harm to the plaintiff; (3) the

16   degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection

17   between the defendant's conduct and the injury; (5) the policy of preventing future harm;

18   and (5) the extent to which the profession would be unduly burdened by a finding of

19   liability. (R&R at 12-13 (citing *Centurion Props.*, 375 P.3d at 657-58).)  The threshold

20   question in this analysis is whether the non-client is an intended beneficiary of the

21   transaction in question. *See Centurion Props.*, 375 P.3d at 658.  If the first *Trask* factor is

22   not met, then the court need make no further inquiry into the defendant's duty. *Id.*

1   Magistrate Judge Fricke concluded that Matcon's second amended complaint satisfied all

2   six of the *Trask* factors.  (*See* R&R at 12-17.)

3           The court agrees with and adopts Magistrate Judge Fricke's analysis of the *Trask*

4   factors.  First, the court agrees that the OCIP and Marsh's appointment as administrator

5   of the OCIP were intended to benefit Matcon.  (*See* R&R at 14-15.)  As the Washington

6   Court of Appeals has recognized,

7           It is not an uncommon practice in construction contracts for the owner to
            agree to purchase insurance to protect the interests of some or all of the
8           contractors, subcontractors, and materialmen.  An agreement to insure is an
            agreement to provide both parties with the benefit of insurance regardless of
9           the cause of the loss (excepting wanton and willful acts).

10  *W. Wash. Corp. of Seventh-Day Adventists v. Ferrellgas, Inc.*, 7 P.3d 861, 870 (Wash. Ct.

11  App. 2000) (quoting *Ind. Erectors, Inc. v. Trs. of Ind. Univ.*, 686 N.E. 2d 878, 880-81

12  (Ind. App. 1997)).  Here, Matcon alleges that it was one of many subcontractors enrolled

13  in the OCIP, which was purchased by the owner of the Project (Westbank) and

14  administered by Marsh.  (SAC ¶¶ 7-8, 12; *see also* Certificate.)  The court finds that the

15  first *Trask* factor has been met.

16          Second, the court agrees that harm to Matcon was foreseeable under the second

17  *Trask* factor.  (*See* R&R at 15.)  Matcon alleges that Marsh had a duty to report claims

18  sent to it that arose from its role as the OCIP Administration/Insurance Broker, the

19  Project Insurance Manual, and applicable law.  (SAC ¶¶ 32, 55.)  As Magistrate Judge

20  Fricke recognized, it is foreseeable that a failure to report Matcon's insurance claims

21  would result in harm to Matcon.  (*See* R&R at 15.)

22

ORDER - 11

1    Third, the court agrees that Matcon alleged to a sufficient degree of certainty that

2  it suffered harm.  (*See* R&R at 15-16.)  Matcon alleges that because Marsh failed to

3  report its claims to HCC, it suffered "real and measurable harm and damage" including

4  the need to pay for its own defense, the deprivation of early opportunities to resolve

5  Graham's damage claims, and substantial and additional overhead, administrative, and

6  legal expenses that would not otherwise have been incurred had Marsh reported the

7  claim.  (*See* SAC ¶ 31.)  For the same reasons, the court agrees that Matcon has

8  sufficiently alleged facts supporting the fourth *Trask* factor, which requires proof of a

9  close connection between Marsh's conduct and the injuries it suffered.  (*See id.*)

10    The court also agrees with Magistrate Judge Fricke's analysis of the fifth and sixth

11  *Trask* factors: the policy of preventing future harm and the extent to which the profession

12  would be unduly burdened by a finding of liability.  (*See* R&R at 16.)  As Magistrate

13  Judge Fricke recognized, the OCIP and the contracts entered into pursuant to the OCIP

14      were part of the web of insurance coverage that was intended by the owner
15      to manage financial risk, keep the project moving forward with effective
        management of disputes and delays, and protect the owner and all
16      participants in the project from being financially devastated by events during
        construction.

17  (*Id.*)  In this context, it would not unduly burden administrators of OCIPs to hold them

18  accountable to language that, as Matcon alleges, requires them to forward claims by the

19  OCIP's insureds to the contracted insurers.

20    In sum, on de novo review, the court agrees with Magistrate Judge Fricke's

21  recommendation to deny Marsh's motion to dismiss Matcon's negligence claim and

22  ADOPTS the Report and Recommendation.

1

## IV.    CONCLUSION

2          For the foregoing reasons, the court ADOPTS Magistrate Judge Fricke's Report

3    and Recommendation (Dkt. # 59).  The court GRANTS in part and DENIES in part

4    Marsh's motion to dismiss (Dkt. # 43).  Matcon's tortious interference with economic

5    relations claim is DISMISSED without prejudice and with leave to amend.  Matcon may

6    file an amended complaint that remedies the deficiencies outlined in the Report and

7    Recommendation within 14 days of the filing date of this order.

8          Dated this 22nd day of March, 2021.

9

10   _____

11   JAMES L. ROBART
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22