UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATCONUSA LP,

                      Plaintiff,

    v.

HOUSTON CASUALTY
COMPANY, et al.,

                 Defendants.

CASE NO. C19-1952JLR-TLF

ORDER DENYING JOINT
MOTION TO CONTINUE TRIAL
DATE AND PRETRIAL
DEADLINES

## I.    INTRODUCTION

Before the court is the joint motion to continue the trial date and pretrial deadlines filed by Plaintiff MatconUSA LP ("Matcon") and Defendant Marsh USA Inc. ("Marsh"). (Jt. Mot. (Dkt. # 83).) Defendants Houston Casualty Company ("HCC") and Crum & Forster Specialty Insurance Company ("CFSIC") do not oppose the motion. (*See* Williams Decl. (Dkt. # 85) ¶ 3.) The court has considered the motion, all submissions

1   filed in support of the motion, the relevant portions of the record, and the applicable law.

2   Being fully advised, the court DENIES Matcon and Marsh's motion.

3   **II.     BACKGROUND**

4        Matcon was hired to perform excavation work for a construction project at 1200

5   Stewart Street in Seattle, Washington.  (Bourgeois Decl. (Dkt. # 47) ¶ 3.)  In July 2019,

6   the project's general contractor, Graham Construction, filed claims against Matcon and

7   the project's owner, Project Stewart, in King County Superior Court (the "Underlying

8   Matter").  (*See id.* ¶ 8, Ex. E (attaching underlying lawsuit pleadings).)

9        Matcon filed this action for declaratory relief and damages against its insurer,

10  HCC, on November 27, 2019.  (Compl. (Dkt. # 1).)  It amended its complaint on

11  February 13, 2020, to add allegations establishing the court's diversity jurisdiction over

12  the matter.  (Am. Compl. (Dkt. # 19).)  On March 31, 2020, the court issued a scheduling

13  order setting a trial date of April 26, 2021.  (3/31/20 Sched. Order (Dkt. # 22).)

14       On June 26, 2020, Matcon moved for leave to amend its complaint to add Marsh

15  and CFSIC as Defendants based on information revealed in discovery.  (MTA (Dkt.

16  # 27).)  The court granted the motion on July 20, 2020 (*see* 7/20/20 Order (Dkt. # 29)),

17  and Matcon filed its second amended complaint the next day (SAC (Dkt. # 30)).

18       On November 10, 2020, before the expiration of the original discovery deadline,

19  HCC moved to continue the trial date.  (MTC (Dkt. # 51).)  HCC argued that the joinder

20  of Marsh and CFSIC as Defendants "altered the scope of the lawsuit and requires the . . .

21  'Parties' to engage in additional discovery."  (*Id.* at 1-2.)  On November 8, 2020, the

22  court found good cause to grant HCC's motion to continue.  (11/17/20 Order (Dkt. # 53).)

ORDER - 2

1   It issued an amended scheduling order setting the discovery deadline on May 28, 2021;

2   the dispositive motions deadline on June 29, 2021; and the trial to begin on November 8,

3   2021.  (11/17/20 Sched. Order (Dkt. # 54) at 1.)

4        On August 5, 2021—months after the discovery and dispositive motions deadlines

5   the court set in its November 17, 2020 scheduling order had already passed—Marsh

6   moved the court for a one-year extension of the trial date and all pretrial deadlines in

7   order to complete discovery.  (8/5/21 Mot. (Dkt. # 75).)  Matcon opposed the motion but

8   suggested that a "short" extension of three to six months "may be warranted" because the

9   Underlying Matter had not yet resolved.  (Matcon Resp. to 8/5/21 Mot. (Dkt. # 77) at 5.)

10   The court denied Marsh's motion, finding that Marsh had not established good cause that

11   would justify a one-year extension.  (8/30/21 Order (Dkt. # 82).)  The court informed the

12   parties, however, that it would consider moving their trial date to the end of its calendar

13   and invited them to file a stipulated motion if they wished to seek that relief.  (*Id.* at 7.)

14                     **III.   ANALYSIS**

15        Matcon and Marsh now jointly seek a six-month extension of the trial date and all

16   pretrial deadlines.  (Jt. Mot. at 2.)  They argue that they have good cause to justify this

17   extension because the Underlying Matter, upon which Matcon's claims rest, has not yet

18   been resolved, despite Matcon's entry into an agreement in principle that would resolve

19   all claims made by and against it in that action.  (Jt. Mot. at 3; Sleight Decl. (Dkt. # 84)

20   ¶¶ 4-6.)  Matcon represents that negotiations between Project Stewart and Graham

21   Construction are still ongoing, although it anticipates that the Underlying Matter may

22   soon be resolved.  (Sleight Decl. ¶¶ 7-8.)

1    The court issues scheduling orders setting trial and related dates to provide a

2    reasonable schedule for the resolution of disputes.  Pursuant to Federal Rule of Civil

3    Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the

4    judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Good cause" for purposes of Rule 16

5    focuses on the diligence of the party seeking to modify the pretrial scheduling order.

6    *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  "Rule

7    16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the

8    amendment."  *Id.* at 609.  To show "good cause," a party must show that it could not

9    meet the deadline imposed by the scheduling order despite its diligence.  *Id.*

10    Although the court recognizes that Matcon has been diligent in trying to resolve

11    the Underlying Matter prior to trial, the court is unable to grant the parties a six-month

12    continuance.  The court has a full trial calendar and will not imperil the trial dates of

13    other parties.  Nevertheless, as it did in its prior order, the court will consider moving the

14    parties' trial date to the end of its trial calendar.  If the parties wish to seek this relief,

15    they should file a stipulated motion to that effect.  The parties should be aware that the

16    court is presently scheduling trials in summer 2023.  If the court moves this matter to the

17    end of its trial calendar, the court will also issue a new scheduling order with respect to

18    the pretrial deadlines.

19    //

20    //

21    //

22    //

ORDER - 4

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES Matcon and Marsh's joint motion to continue the trial date and pretrial deadlines (Dkt. # 83).

DATED this 16th day of September, 2021.

JAMES L. ROBART
United States District Judge

ORDER - 5