UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATCONUSA LP,<br><br>               Plaintiff,<br>    v.<br><br>HOUSTON CASUALTY COMPANY, et al.,<br><br>              Defendants. | CASE NO. C19-1952JLR<br><br>ORDER GRANTING MOTION TO EXCLUDE |

## I.    INTRODUCTION

Before the court is Plaintiff MatconUSA LP's ("Matcon") motion to exclude Defendant Marsh USA, Inc.'s ("Marsh") expert witnesses. (Mot. (Dkt. # 107); Reply (Dkt. # 124).) Marsh opposes Matcon's motion. (Resp. (Dkt. # 123).) The court has considered the motion, all materials submitted in support of and in opposition to the

//

//

ORDER - 1

motion, and the governing law. Being fully advised,[1] the court GRANTS Matcon's motion to exclude.

## II.   BACKGROUND

Matcon was hired to perform excavation work for a construction project at 1200 Stewart Street in Seattle, Washington. (Bourgeois Decl. (Dkt. # 47) ¶ 3.) As a subcontractor on that project, Matcon enrolled as an insured in an Owner Controlled Insurance Program ("OCIP") administered by Marsh. (2d Am. Compl. (Dkt. # 30) ¶ 12.) In October 2018, the project's general contractor, Graham Construction & Management, Inc. ("Graham") alleged that Marsh was liable for property and other damage at the project site. (*Id.* ¶ 17.) In July 2019, Graham filed claims against Matcon and the project's owner, Project Stewart, in King County Superior Court (the "Underlying Lawsuit"). (*See* Bourgeois Decl. ¶ 8, Ex. E (attaching underlying lawsuit pleadings).)

On November 27, 2019, Matcon filed this action for insurance benefits, including defense and indemnity coverage, against its insurer, Defendant Houston Casualty Company ("Houston"). (Compl. (Dkt. # 1).) It amended its complaint on February 13, 2020. (Am. Compl. (Dkt. # 19).) On March 31, 2020, the court issued a scheduling order setting the deadline for expert witness disclosures on September 11, 2020; the discovery deadline on November 11, 2020; and the trial date on April 26, 2021. (3/31/20 Sched. Order (Dkt. # 22).)

---

[1] Marsh requests oral argument (*see* Resp. at 1) but the court concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

1    On June 26, 2020, Matcon moved for leave to amend its complaint to add Marsh
2 and Defendant Crum & Forster Specialty Insurance Co. ("CFSIC") as Defendants based
3 on information revealed in discovery. (MTA (Dkt. # 27).) The court granted the motion
4 on July 20, 2020 (*see* 7/20/20 Order (Dkt. # 29)), and Matcon filed its second amended
5 complaint the next day (2d Am. Compl.).

6    On November 10, 2020, before the expiration of the original discovery deadline
7 but after the original expert witness disclosures deadline, Houston filed an unopposed
8 motion to continue the trial date by six months. (MTC (Dkt. # 51).) Houston argued that
9 the joinder of Marsh and CFSIC as Defendants altered the scope of the lawsuit and
10 required the parties to engage in additional discovery. (*Id.* at 1-2.) On November 17,
11 2020, the court found good cause to grant Houston's motion to continue (11/17/20 Order
12 (Dkt. # 53)) and issued an amended scheduling order setting the discovery deadline on
13 May 28, 2021; the dispositive motions deadline on June 29, 2021; and the trial date on
14 November 8, 2021 (11/17/20 Sched. Order (Dkt. # 54) at 1). The court did not, however,
15 set a new expert witness disclosures deadline because that deadline had already expired
16 by the time Houston filed its motion to continue. (*See id.* (leaving expert witness
17 disclosure and discovery motions deadlines blank).)

18   On December 16, 2020, Matcon, Houston, and CFSIC jointly moved the court to
19 set a new expert witness disclosures deadline. (12/16/20 Mot. (Dkt. # 60).) Marsh did
20 not "agree to or join" the motion because it anticipated that it would "soon be dismissed
21 from the case." (6/6/22 Williams Decl. (Dkt. # 108) ¶ 3, Ex. A.) Magistrate Judge
22

Theresa L. Fricke granted the motion and set the expert witness disclosures deadline on April 2, 2021. (12/16/20 Order (Dkt. # 61).)

On March 22, 2021, the court adopted Magistrate Judge Fricke's report and recommendation on Marsh's motion to dismiss. (3/22/21 Order (Dkt. # 70).) Specifically, the court granted Marsh's motion to dismiss Matcon's claim for tortious interference with economic relations but denied its motion to dismiss Matcon's negligence claim. (*See generally id.*) Marsh then began to engage in discovery. (*See* 8/16/21 Williams Decl. (Dkt. # 78) ¶¶ 3, 5; *see also* Resp. at 5 ("With issues for discovery and further litigation now set by the pleadings, Marsh served document requests on Matcon on April 22, 2021 . . . .").)

On August 5, 2021—months after the discovery, expert witness disclosures, and dispositive motions deadlines that the court set in its November 17 and December 16, 2020 orders had already passed—Marsh moved the court for a one-year continuance of the trial date and pretrial deadlines. (8/5/21 Mot. (Dkt. # 75).) Although it had been added as a defendant in July 2020, Marsh argued that the continuance was necessary because it was "recently added" to the case and needed additional time to complete discovery. (*Id.* at 3-4.) Matcon opposed the motion but suggested that a "short" extension of three to six months "may be warranted" because the Underlying Lawsuit had not yet resolved. (Matcon Resp. to 8/5/21 Mot. (Dkt. # 77) at 5.) The court denied Marsh's motion, finding that Marsh had not established good cause that would justify a one-year continuance of the trial date. (8/30/21 Order (Dkt. # 82).) Nevertheless, the court invited the parties to file a stipulated motion if they wished to move their trial to the

end of the court's trial calendar and informed them that if they did so, the court would "issue a new scheduling order with respect to the remaining unexpired deadlines." (*Id.* at 7.)

The parties did not accept the court's invitation. Instead, on September 16, 2021, Matcon and Marsh jointly moved the court for a six-month continuance of the trial date and all pretrial deadlines. (9/16/21 Mot. (Dkt. # 83).) They argued that they had good cause for an extension because the Underlying Lawsuit had not yet resolved and, as a result, "Matcon's claim for indemnity coverage [was] not yet ripe for trial." (*Id.* at 3.) Matcon represented that it had "reached an agreement in principle" in the Underlying Lawsuit in March 2020 "that would resolve all claims made by and against Matcon," but that no final agreement had been signed because Project Stewart and Graham had not resolved the claims between them. (*Id.* at 3 (citing 9/6/21 Sleight Decl. (Dkt. # 84) ¶¶ 4-7).) Matcon expected, however, that the Underlying Lawsuit would be "finally resolved in the near future." (*Id.* (citing Sleight Decl. ¶ 8).) The court denied the joint motion but again offered to move the parties' trial to the end of its calendar. (9/16/21 Order (Dkt. # 86).)

On September 23, 2021, the court held a telephonic conference with the parties to discuss the case schedule. (9/23/21 Min. Entry (Dkt. # 88); 9/23/21 Min. Order (Dkt. # 89).) After hearing argument, the court vacated the November 8, 2021 trial date; reset trial on August 29, 2022; and granted in part Marsh's request to reopen discovery. (9/23/21 Min. Order.) The court granted Marsh leave to take the depositions of three witnesses; granted the parties leave to "examine the disclosed expert witnesses on issues

of damages after the underlying state-court lawsuit is resolved"; and set a May 2, 2022, deadline for completing this additional discovery. (*Id.*) The court directed the Clerk to "issue a revised scheduling order that sets the trial date on August 29, 2022, and resets the discovery deadline, attorney settlement conference deadline, and remaining *unexpired* pretrial deadlines based on this new trial date." (*Id.* (emphasis added); *see* 9/24/21 Sched. Order (Dkt. # 91) at 1-2 (setting new deadlines consistent with the court's direction).)

The court heard nothing more from the parties until May 16, 2022, when Defendants filed motions for summary judgment. (*See* Marsh MSJ (Dkt. # 92); CFSIC MSJ (Dkt. # 93); Houston MSJ (Dkt. # 99).) Matcon then moved the court either to strike Defendants' motions as untimely because the court had not reset the expired dispositive motions deadline in its September 24, 2021 scheduling order or, in the alternative, to allow Matcon to file its own motion for summary judgment. (Matcon 5/17/22 Mot. (Dkt. # 103).) The court determined that briefing on the motions for summary judgment was in the interest of effective case management; denied Matcon's request to strike Defendants' motions; and granted Matcon leave to file its own motion. (5/17/22 Order (Dkt. # 104).) Matcon did so on May 19, 2022. (Matcon MSJ (Dkt. # 105).)

On May 24, 2022, Marsh's attorney emailed to counsel for the parties copies of the expert reports of Robert Titus and Olie Jolstad. (6/6/22 Williams Decl. ¶ 4, Ex. B (email from Marsh's attorney); *id.* ¶ 5, Ex. C ("Titus Report"); *id.* ¶ 6, Ex. D ("Jolstad Report").) In his report, Mr. Titus opines, in relevant part, that "Marsh acted within the

standard of care expected for OCIP Administrators" and that "Matcon failed to act as a reasonable insured." (Titus Report at 2; *see also id.* at 8.) Similarly, Mr. Jolstad opines, in relevant part, that "Matcon failed to comply with insurance industry customs, practices and standards"; that "Matcon failed to act as a reasonable insured"; that "Marsh properly discharged the claims-related services it represented it would provide regarding the Project Stewart OCIP"; and that "[n]othing Marsh did or did not do as the OCIP Administrator deprived Matcon of benefits due under the OCIP's insurance agreements." (Jolstad Report at 1; *see also id.* at 9-17.) Neither report addresses Matcon's claimed damages in this case. (*See generally* Titus Report; Jolstad Report.) According to Matcon, Marsh did not notify it at any time prior to May 24, 2022, that it had retained Mr. Titus and Mr. Jolstad as testifying experts. (6/6/22 Williams Decl. ¶¶ 5-6.)

### III. ANALYSIS

Matcon moves to exclude Marsh's expert witnesses either because Marsh's disclosures were untimely or because the experts propose to offer inadmissible opinions on ultimate questions of law. (*See generally* Mot.) The court agrees that Mr. Titus and Mr. Jolstad must be excluded because Matcon's disclosure was untimely.[2] The last expert witness disclosure deadline the court set in this case was April 2, 2021, and the court did not extend that deadline in any subsequent order. (*See* 12/16/20 Order; *see also* 8/30/21 Order (stating the court would reset the "remaining *unexpired* pretrial deadlines"

---

[2] Because the court resolves the motion on the basis of untimeliness, it does not address Matcon's argument that Mr. Titus and Mr. Jolstad offer inadmissible opinions on ultimate questions.

ORDER - 7

if the parties stipulated to move trial to the end of the trial calendar (emphasis added));
9/23/21 Min. Order (directing the Clerk to reset the "remaining *unexpired* pretrial
deadlines" (emphasis added)); 9/24/21 Sched. Order.)  Thus, Marsh's May 24, 2022
service of its expert witness disclosures was over 13 months late.  Because Marsh has not
shown that its failure to timely disclose those witnesses was substantially justified or
harmless, Marsh may not use those witnesses at trial.  *See* Fed. R. Civ. P. 37(c)(1).

Marsh asserts that because the September 24, 2021 scheduling order left the expert disclosures deadline blank, that deadline necessarily reverted to May 31, 2022, or 90 days before trial, in accordance with Federal Rule of Civil Procedure 26(a)(2)(D)(i).  (Resp. at 8-11.)  That rule, however, applies only in the absence of a stipulation or court order.  Fed. R. Civ. P. 26(a)(2)(D)(i).  Here, a scheduling order has been in place since March 2020, and the court was clear in its September 23, 2021 order that its updated scheduling order would reset only the unexpired deadlines, along with the deadlines for limited additional discovery and the attorney settlement conference.  (*See* 3/31/20 Sched. Order; 9/23/21 Min. Order; 9/24/21 Sched. Order.)  Therefore, the default deadline in Rule 26(a)(2)(D)(i) does not apply.

Marsh also argues that the court's order allowing the parties to "examine the disclosed expert witnesses on issues of damages after the underlying state-court lawsuit is resolved" necessarily implies that the court extended the expert witness disclosures deadline.  (Resp. at 9 (quoting 9/23/21 Min. Order).)  Marsh is mistaken.  The court's order limited additional discovery to three depositions for Marsh and the examination of *already-disclosed* expert witnesses on *damages* issues after the resolution of the

ORDER - 8

Underlying Lawsuit and before May 2, 2022.  (9/23/21 Min. Order.)  Nothing in that order can reasonably be read to reopen discovery to allow the disclosure of new expert witnesses, let alone to permit disclosure after the May 2, 2022 limited discovery deadline.

Finally, the court notes that Marsh's late-disclosed expert witnesses opine only on the standards of care for OCIP administrators and insureds—issues that do not depend on the settlement of the Underlying Lawsuit.  (*See* Titus Report; Jolstad Report.)  Marsh does not explain why it could not have retained and disclosed its standard of care experts long before May 2022.  (*See generally* Resp.)

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Matcon's motion to exclude Marsh's expert witnesses (Dkt. # 107).

Dated this 29th day of June, 2022.

JAMES L. ROBART
United States District Judge