UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATCONUSA LP,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HOUSTON CASUALTY<br>COMPANY, et al.,<br><br>　　　　　　Defendants. | CASE NO. C19-1952JLR<br><br>ORDER ON MOTION FOR<br>RECONSIDERATION |

## I.　INTRODUCTION

Before the court is Plaintiff MatconUSA LP's ("Matcon") motion for partial reconsideration of the court's July 14, 2022 order regarding the parties' motions for summary judgment. (Mot. (Dkt. # 137); Reply (Dkt. # 152); *see* 7/14/22 Order (Dkt. # 129).) Defendant Marsh USA Inc. ("Marsh") opposes Matcon's motion. (Resp. (Dkt. # 151); *see also* 7/25/22 Order (Dkt. # 140) (directing Marsh to file a response pursuant to Local Rules W.D. Wash. LCR 7(h)); 7/26/22 Min. Order (Dkt. # 142) (extending the

ORDER - 1

deadline for Marsh to respond).)  The court has reviewed the motion, the parties' briefing, the remainder of the record, and the applicable law.  Being fully advised,[1] the court GRANTS IN PART Matcon's motion for reconsideration.

## II.   ANALYSIS[2]

"Motions for reconsideration are disfavored," and the "court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1).

Matcon contends that the court erred "by limiting the duty that Marsh owed Matcon to the exercise of 'reasonable skill, ordinary care, diligence, and good faith in carrying out the instructions of [Westbank Holdings US Ltd. ("Westbank")] and [Project Stewart LLC ("Project Stewart")].'"  (Mot. at 1 (quoting 7/14/22 Order at 26).)  It argues that the court erred in two ways.  First, Matcon contends the court erred by "imput[ing] the requirement that Marsh be '*instructed*' by Project Stewart to report a claim, even though the Engagement Letter" between Marsh and Westbank "only requires that Marsh be '*informed*' by Project Stewart of a claim."  (*Id.* at 3 (emphasis in original); *see* 10/19/20 Williams Decl. (Dkt. # 48) ¶ 9, Ex. G ("Engagement Letter"), at 2).)  Second,

---

[1] No party requests oral argument on the motion (*see* Mot. at 1; Resp. at 1), and the court finds that oral argument would not be helpful to its disposition of the instant motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Because the court set forth the factual and procedural background of this case in detail in its July 14, 2022 order on the parties' motions for summary judgment, it does not repeat that background here.  (*See* 7/14/22 Order at 2-13, 17-20.)

ORDER - 2

Matcon argues that the court improperly combined the common law duties of an insurance broker to exercise "reasonable skill and ordinary care and diligence" and "carry out instructions" with Marsh's "contractual duty to notify insurers of an insurance claim whenever Westbank informs Marsh of a claim." (Mot. at 1, 3.) Matcon asserts that the court should conclude, instead, that Marsh owes Matcon the same three duties that Marsh owed its clients Project Stewart and Westbank as the insurance broker for the Project: (1) a "duty to exercise reasonable skill and ordinary care and diligence"; (2) a "duty to exercise good faith and carry out instructions"; and (3) a "duty to notify insurers of claims, provided that Marsh is informed in writing by Project Stewart or Westbank of the claim." (*Id.* at 5.) Marsh, for its part, defends the court's original statement of the duty Marsh owes to Matcon. (Resp. at 3-4.)

After carefully reviewing the July 14, 2022 order and the authority cited therein, the court concludes that a revision to its statement of Marsh's duty to Matcon is warranted. The court finds *Merriman v. American Guarantee & Liability Insurance Company*, 396 P.3d 351 (Wash. Ct. App. 2017) particularly instructive. In *Merriman*, the Washington Court of Appeals found that the defendant insurance adjuster[3] owed a tort duty to the plaintiff insureds based on specific duties that the adjuster had voluntarily assumed in a third party administrator agreement with the insurer. *Id.* at 367. The Court of Appeals first reviewed caselaw regarding the duties owed by adjusters to insureds and by agents to intended beneficiaries and concluded that no precedent precluded finding

---

[3] Independent insurance adjusters, like the defendant in *Merriman*, ordinarily represent the interests of the insurer, not the insured. *See id.* at 362 (quoting RCW 48.17.101(1)(a)).

that the adjuster had a duty to inform the insureds about the coverage at issue. *Id.* at 365-66. Next, the Court of Appeals determined that the third party administrator agreement supported the position that the insureds "were expected to benefit from [the adjuster's] performance of its duties" under that agreement—which included promises to "promptly and thoroughly review, process, [a]djust, settle and pay [c]laims under the [p]olicy in full compliance with . . . all applicable legal and regulatory requirements." *Id.* at 362, 366. It further concluded that finding the adjuster owed a duty to the insureds would advance Washington's policy of protecting insureds. *Id.* at 366. The Court of Appeals, however, rejected the insureds' argument that the adjuster owed them a generalized duty of care. *Id.* Instead, it held that,

> given the duties undertaken by [the adjuster] in the third party administrator agreement; the intent of that agreement to benefit, in part, [the] insureds; and the foreseeable harm to the insureds if [the adjuster's] relevant promises were not performed, [the adjuster] owed the insureds a duty of reasonable care to perform those promises.

*Id.* at 367.

Following the steps set out in *Merriman*, the court first concludes that Washington precedent does not foreclose a finding that Marsh owed Matcon a duty of care. Marsh has not identified any Washington precedent that would preclude a finding that Marsh, as the administrator and insurance broker for Project Stewart's owner-controlled insurance program ("OCIP"), owed a tort duty to Matcon as an enrollee in the OCIP. (*See generally* Resp.; Marsh MSJ (Dkt. # 92); Marsh Resp. to Matcon MSJ (Dkt. # 109).) Indeed, Marsh argued on summary judgment that its duty to report OCIP claims to the insurer did not arise unless and until Project Stewart instructed it to do so; it did not argue

that Washington precedent precluded finding a tort duty in the first instance. (Marsh MSJ at 17-22; *see also* Marsh Resp. to Matcon MSJ at 15-21.)

Second, the court reiterates its conclusion that the agreement between Marsh and Westbank regarding Project Stewart was intended, at least in part, to benefit enrollees in the OCIP. (7/14/22 Order at 23-24.) Marsh's Engagement Letter with Westbank regarding Project Stewart included Marsh's promise to

> prepare loss notices to insurers and notify insurers of claims; provided that your Marsh claims advocate is informed in writing by you of the claim, and Marsh has placed the applicable policies or the Marsh claims advocate has been provided written notice by you of the applicable carrier and policies.

(Engagement Letter at 2; *see also id.* at 1 (defining "you" to mean Westbank).) Because Marsh's promises to Westbank in the Engagement Letter were intended to benefit enrollees, precedent supports finding that Marsh owed Matcon a tort duty. *See Merriman*, 396 P.3d at 365-66 (analyzing authority finding tort duties where nonclient plaintiffs were intended to benefit from a promise between a principal and an agent (citing *Trask v. Butler*, 872 P.2d 1080, 1083 (Wash. 1994))); *cf. Centurion Props. III, LLC v. Chicago Title Ins. Co.*, 375 P.3d 651, 658 (Wash. 2016) (concluding that a title insurance company did not owe a duty of care to third parties in the recording of legal instruments where the title insurance company's recording was intended to benefit only its client).

Third, the court reiterates its conclusions that (1) it is foreseeable that OCIP enrollees would be harmed if Marsh failed to perform its promise to notify insurers of claims and (2) recognizing a duty owed by Marsh to OCIP enrollees to perform the

promises it made in the Engagement Letter would not unduly burden Marsh's profession. (7/14/22 Order at 24-25.) Thus, consistent with *Merriman*, the court concludes that Marsh owed Matcon a duty to exercise reasonable care in performing the relevant promises it made in the Engagement Letter, including the promise to prepare loss notices and notify insurers of claims provided Marsh was informed in writing by Westbank or Project Stewart of the claim. Absent evidence that Marsh and Westbank agreed that Marsh would take on further duties with respect to OCIP enrollees, the court declines Matcon's invitation to impose on Marsh either a general duty of care to OCIP enrollees or a duty to exercise good faith in carrying out the instructions of enrollees in addition to the instructions of its clients. *See Merriman*, 396 P.3d at 366 (declining to find a general duty of care and limiting the duty to exercising reasonable care to fulfill the promises in the third party administrator agreement).

### III. CONCLUSION

For the foregoing reasons, the court GRANTS IN PART Matcon's motion for reconsideration (Dkt. # 137). The court holds that Marsh owed Matcon a duty to exercise reasonable care in performing the relevant promises it made in the Engagement Letter, including the promise to prepare loss notices and notify insurers of claims provided Marsh was informed in writing by Westbank or Project Stewart of the claim.

Dated this 12th day of August, 2022.

JAMES L. ROBART
United States District Judge