UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATCONUSA LP, <br><br> Plaintiff, <br><br> v. <br><br> HOUSTON CASUALTY COMPANY, et al., <br><br> Defendants. | CASE NO. C19-1952JLR <br><br> ORDER ON MOTIONS IN LIMINE |

## I. INTRODUCTION

Before the court are the motions in limine ("MIL") filed by Plaintiff MatconUSA LP ("Matcon"), Defendant Houston Casualty Company ("Houston"), and Defendant Marsh USA Inc. ("Marsh"). (Matcon MIL (Dkt. # 134); Matcon Supp. MIL (Dkt. # 155); Houston MIL (Dkt. # 130); Marsh MIL (Dkt. # 136).) Each party has responded to the other parties' motions in limine. (Matcon Resp. (Dkt. # 146); Houston Resp. (Dkt. # 149); Marsh Resp. (Dkt. # 148).) The court has reviewed the motions in limine, the

ORDER - 1

parties' briefing, the remainder of the record, and the applicable law. In addition, the court heard oral argument and made oral rulings on the motions in limine during the parties' pretrial conference on August 15, 2022. (*See* 8/15/22 Min. Entry (Dkt. # 156).) The court summarizes its oral rulings below.

## II.   MOTIONS IN LIMINE

**A.   Houston's Motions in Limine**

Houston brings three motions in limine. (*See* Houston MIL.) For the reasons stated below and on the record during the pretrial conference, the court rules as follows:

1. Houston's MIL 1, to preclude Matcon from introducing the alleged CR 2A agreement from the underlying lawsuit at trial, is GRANTED as unopposed.

2. Houston's MIL 2, to preclude Matcon from offering its exhibit titled "Backup Documents of Claim," is GRANTED as unopposed by Matcon. Matcon may not use the Backup Documents of Claim exhibit to prove damages caused by Houston. Matcon may, however, use the documents to prove damages caused by Marsh.

3. Houston's MIL 3, to exclude defense invoices that Matcon failed to produce before the discovery cutoff, is DENIED. Although Matcon did not produce these invoices until July 7, 2022, the court is persuaded that the failure to disclose was harmless where Houston conducted no discovery relating to the timely-produced invoices, which represented a far greater sum of money. *See* Fed. R. Civ. P. 37(c)(1).

**B.   Marsh's Motions in Limine**

Marsh brings seven motions in limine. (*See* Marsh MIL.) For the reasons stated below and on the record during the pretrial conference, the court rules as follows:

1. Marsh's MIL 1, to exclude evidence, testimony, or argument regarding the standard of care allegedly breached by Marsh because Matcon has failed to identify any expert witnesses, is GRANTED. "In general, expert testimony is required when an essential element in the case is best established by an opinion which is beyond the expertise of a layperson." *Harris v. Groth*, 663 P.2d 113, 118 (Wash. 1983); *see also AAS-DMP Mgmt., LP Liquidating Tr. v. Acordia Nw., Inc.*, 63 P.3d 860, 865 (Wash. Ct. App. 2003) ("Generally, if the act in question is within the ordinary knowledge and experience of laypersons, we have not required expert testimony."). The court is persuaded that what a reasonable Owner-Controlled Insurance Program ("OCIP") Administrator / Broker would do under the circumstances presented in this case is not within the ordinary knowledge and experience of laypersons. Therefore, expert testimony is necessary to establish the standard of care.[1]

2. Marsh's MIL 2, to exclude evidence, testimony, or argument related to Matcon's underlying settlement with Graham Construction & Management, Inc. ("Graham") and Project Stewart, is GRANTED as unopposed.

3. Marsh's MIL 3, to exclude evidence, testimony, or argument concerning damages related to non-payment by Graham because these damages are at issue in the

---

[1] In its briefing and at oral argument, Matcon cited *Douglas v. Freeman*, 814 P.2d 1160, 1165 (Wash. 1991) for the proposition that expert testimony is unnecessary once the court decides the applicable duty of care. (*See* Matcon Resp. at 2-3.) Matcon misreads *Douglas*. That corporate negligence case involved a dental clinic's duty to supervise a student dentist. *Douglas*, 814 P.2d at 1162, 1164. The issue was whether the standard of care to satisfy that duty included providing the student dentist with a dental assistant. *Id.* at 1164. The Washington Supreme Court concluded that the dentist's own testimony, as an adverse witness in the plaintiff's case in chief, that he would "never do a surgical [wisdom tooth] extraction without an assistant" was sufficient to establish the standard of care. *Id.* at 1165 (noting that other jurisdictions had "stated expressly

underlying lawsuit is DEFERRED. Marsh may file a reply in support of its MIL 3, of no more than three pages in length, by no later than **Thursday, August 18, 2022**. Marsh's reply shall address Matcon's arguments that Marsh can seek either contribution from Graham under RCW 4.22.040 or an offset after the underlying lawsuit is resolved.

    4.    Marsh's MIL 4, to preclude Matcon from offering or eliciting evidence, testimony, or argument about Marsh's size, profitability, or financial resources, is GRANTED as unopposed.

    5.    Marsh's MIL 5, to preclude Matcon from offering or eliciting evidence, testimony, or argument about any other professional malpractice lawsuits or claims against Marsh, is GRANTED as unopposed.

    6.    Marsh's MIL 6, to preclude Matcon from offering or eliciting evidence, testimony, or argument about OCIPs from other cases or projects, or any claims under such OCIPs, is GRANTED as unopposed.

    7.    Marsh's MIL 7, to preclude Matcon from making statements to the jury suggesting the need to "send a message" or "put yourself in plaintiff's shoes" or apply the "Golden Rule," is GRANTED as unopposed.

//
//
//

---

that a defendant, testifying as an adverse witness, may provide the expert testimony that establishes the standard of care in a medical malpractice case"); *see also id.* ("Once the applicable standard of care is established *by experts*, further expert testimony is not required to prove a breach of that standard") (emphasis added). At no point did the Court hold that expert testimony is unnecessary after a court decides the applicable duty of care. *See generally id.*

ORDER - 4

C.     **Matcon's Motions in Limine**

Matcon brings 13 motions in limine, including a supplemental motion in limine it filed on August 12, 2022.  (*See* Matcon MIL; Matcon Supp. MIL.)  For the reasons stated below and on the record during the pretrial conference, the court rules as follows:

1.     Matcon's MIL A, to exclude witnesses or document evidence submitted by Marsh for failure to make initial disclosures, is DENIED to the extent Matcon seeks a blanket exclusion of all of Marsh's witnesses and exhibits.  Matcon may file, by no later than **Thursday, August 18, 2022**, a motion to exclude specific witnesses or exhibits under Federal Rule of Civil Procedure 37(c)(1).  Marsh may file a response to Matcon's motion, if any, by no later than **Monday, August 22, 2022**.

2.     Matcon's MIL B, to exclude expert testimony by lay witnesses, is GRANTED.  *See* Fed. R. Evid. 701, 702.

3.     Matcon's MIL C, to exclude argument or inference that Marsh notified the OCIP insurers about Matcon's insurance claims, is GRANTED as unopposed.

4.     Matcon's MIL D, to exclude argument or inference that Matcon was obligated to follow up with Marsh after sending its tenders, is DENIED.  Marsh is entitled to make these arguments in support of its affirmative defenses of failure to mitigate and contributory negligence.

5.     Matcon's MIL E, to exclude argument or inference that Matcon's alleged damages against Marsh are related to indemnity coverage, is DEFERRED.  Matcon may file a reply in support of its MIL E, of no more than three pages in length, by no later than **Thursday, August 18, 2022**.

1    6.    Matcon's MIL F, to exclude argument or inference that Houston had no duty to defend Matcon in the underlying lawsuit, is DEFERRED. Matcon may file a reply in support of its MIL F, of no more than three pages in length, by no later than **Thursday, August 18, 2022**. Matcon's reply shall address Houston's argument that it is entitled to argue to the jury that it had no duty to defend some or all of the claims against Matcon in the underlying lawsuit based on its express reservation of rights. (*See* Houston Resp. at 2-3.)

7.    Matcon's MIL G, to exclude argument or inference that Houston timely offered to defend Matcon, is DENIED. The court did not rule at summary judgment that Matcon's October 7, 2019 notice of intent to sue constituted a tender of claims as a matter of law. (*See* 7/14/22 Order (Dkt. # 129) at 39-40.)

8.    Matcon's MIL H, to exclude argument or inference that Houston did not deny Matcon's claim, is DENIED. The court did not rule at summary judgment that Matcon's October 7, 2019 notice of intent to sue constituted a tender of claims as a matter of law. (*See id.*)

9.    Matcon's MIL I, to exclude argument or inference that Houston "cured" its breach of contract or bad faith conduct, is DENIED.

10.    Matcon's MIL J, to exclude opinions about what the insurance policies cover, is GRANTED IN PART and DENIED IN PART. Lay witnesses may testify about why they took certain steps and made certain decisions, which may require them to testify regarding their understanding of the insurance policies. Lay witnesses, however, may not testify as to legal conclusions such as the correct interpretation of a contract or

the meaning of policy provisions. *United States v. Bohn*, 622 F.3d 1129, 1138 (9th Cir. 2010).

11. Matcon's MIL K, to exclude argument or inference that insurer bad faith requires a showing of "malice" or "intent," is GRANTED. *See* Wash. Pattern Jury Instr. 320.02.

12. Matcon's MIL L, to exclude prior court orders, is GRANTED in part. The motion is GRANTED to the extent that this court's prior orders shall not be introduced as evidence and DEFERRED to trial to the extent Matcon seeks to exclude argument or inference that conflicts with those orders.

13. Matcon's supplemental MIL M, to exclude argument or inference that Sedgwick's employee, Scott Fankhauser, was not a representative of Project Stewart LLC ("Project Stewart"), is DENIED. The court has reviewed the record excerpts cited by Matcon in its brief and by Marsh at oral argument. Whether and to what extent Mr. Fankhauser was a representative of Project Stewart is a question for the jury.

### III. OTHER PRETRIAL MATTERS

There are 38.5 total hours of trial time available in this matter. The court reserves 3.5 of those hours for its own purposes. As a result, 35 hours remain available to the parties. As the plaintiff, Matcon is entitled to 17.5 of those hours. The court directs Marsh and Houston to confer regarding a fair division of the remaining 17.5 hours and to file a joint statement, by no later than **Friday, August 19, 2022**, setting forth their proposal for dividing this time. If Marsh and Houston are unable to agree on how to