THE HONORABLE JAMES L. ROBART

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**IN SEATTLE**

| | |
|---|---|
| MATCONUSA LP, a Washington limited partnership,<br><br>        Plaintiff,<br><br>    v.<br><br>HOUSTON CASUALTY COMPANY, a foreign insurance company; MARSH USA INC., a foreign corporation; and CRUM & FORSTER SPECIALTY INSURANCE COMPANY, a foreign insurance company,<br><br>        Defendants. | No. 2:19-cv-01952-JLR<br><br>PRETRIAL ORDER |

**JURISDICTION**

Jurisdiction is vested in this court by virtue of: 28 U.S.C. §§ 1332(a)(1) and 28 U.S.C. §§ 1391 (b)(1)(2), (c)(2), and (d).  Plaintiff MatconUSA LP was formed under the laws of Washington with its principal place of business in King County, Washington.  Defendant Houston Casualty Company was incorporated in Texas and has its principal place of business in Texas.  Defendant Marsh USA Inc. was incorporated in Delaware and its principal place of

PRETRIAL ORDER - 1

**CASE NO. 2:19-cv-01952-JLR**

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

business is in New York. The amount in controversy exceeds $75,000 exclusive of costs and interests.

<strong>CLAIMS AND DEFENSES</strong>

Matcon will pursue at trial the following claims against Houston Casualty: declaratory relief, breach of contract, bad faith, violation of RCW 48.30.015, and violation of RCW Chapter 19.86; against Marsh for the tort of negligence.

**a)      Houston Casualty's affirmative defenses and/or claims:**

1.      Matcon's injuries and damages, if any, were caused or contributed to by Matcon's own acts and/or omissions.

2.      Matcon's claims are barred, in whole or in part, because Matcon and/or its agent(s) failed to mitigate and/or minimize Matcon's damages.

3.      Matcon's claims are barred, in whole or in part, to the extent that Matcon's damages were proximately caused by the acts and omissions of third parties.

4.      Matcon's claims and/or damages are barred in whole or in part because Houston acted reasonably and in good faith and with proper justification at all relevant times.

5.      Matcon's claims are barred, in whole or in part, as Houston never denied coverage for Matcon's claim(s) under the subject policy.

6.      Matcon's claims are barred, in whole or in part, as Houston, at all times, acted in accordance with Washington law, including the Consumer Protection Act and the Insurance Fair Conduct Act.

7.      Matcon's claims are barred, in whole or in part, to the extent it failed to comply with its duties in the event of an occurrence, offense, claim or suit, as set forth in the subject policy, including but not limited to any applicable notice provisions.

8.      Matcon's claims are barred, in whole or in part, to the extent Plaintiff and/or its agent(s) engaged in acts, omissions or conduct that constituted a breach of the duty of good

PRETRIAL ORDER - 2

**CASE NO. 2:19-cv-01952-JLR**

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

1
2     faith owed to Houston and that were calculated to harm Houston and prevent it from
      performing its alleged obligations under the subject policy.

3          9.     Matcon's claims are barred, in whole or in part, to the extent Plaintiff and/or
4     its agent(s) have prevented Houston from performing its obligations, if any.

5          10.    Matcon's claims are barred, in whole or in part, to the extent Plaintiff is seeking
6     damages that are not properly recoverable, including, but not limited to, attorney's fees.

7          **b)    Marsh will pursue the following affirmative defenses and/or claims:**

8          1.     *Contributory Fault / Contributory Negligence*. Matcon was contributorily
      negligent in failing to follow up in any way regarding its alleged requests to the OCIP for
9     "insurance benefits," and in failing to follow the required procedures for submitting claims
10    under the Insurance Program Manual. Matcon was contributorily negligent in providing bad
11    design for its tie-backs on the project, for poor workmanship on the job, and for failure to
12    follow safety rules, all of which caused Graham to fire Matcon and to refuse to pay Matcon
13    the $3.7 million amount that Matcon now alleges it is entitled to.

14         2.     *Fault of Other Parties*. Project Stewart caused any alleged "delay" in reporting
      to Houston Casualty because, as the owner under the Owner Controlled Insurance Program,
15    only Project Stewart could direct Marsh to report claims to Houston Casualty or the other
16    OCIP insurers, which Project Stewart did not do until February 7, 2019, after Matcon had
17    already been fired on November 23, 2018. After receiving notice in early February 2019,
18    Houston Casualty caused Matcon's alleged damages in failing to quickly investigate and
19    adjust the property-damage loss for the duct-bank strikes caused by Matcon's negligent work
20    on the project. Graham caused Matcon's alleged damages in refusing to pay Matcon's alleged
21    entitlement to $3.7 million for work that Matcon had (negligently) performed on the project.

22         3.     *Failure to Mitigate*. Matcon failed to mitigate its damages by failing to notify,
      or at least contact, Houston Casualty after Matcon had submitted its "notices" to the OCIP
23    and, for weeks thereafter, Houston Casualty had not responded by assigning defense counsel,

PRETRIAL ORDER - 3

CASE NO. 2:19-cv-01952-JLR

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

assigning an adjuster, or even sending a claim-acknowledgement letter. Rather, Matcon simply did nothing, even though it now alleges that this "delay" was causing Matcon harm. Matcon also failed to mitigate its alleged damages by failing to cure the many defects in Matcon's design, workmanship, and safety procedures identified by the general contractor before Matcon was terminated from the project, including the duct-bank strikes damaging property owned by Seattle City Light. Matcon's timely response to these issues would have prevented or reduced Matcon's alleged damages, including those associated with project delays caused by Matcon's malfeasance. Matcon failed to mitigate its damages by failing to settle its claims against Graham for Graham's non-payment of Matcon's invoices for work performed by Matcon on the Project.

## ADMITTED FACTS

1.    Non-party Project Stewart, LLC ("Project Stewart") is the owner of two 48-story buildings being built at 1200 Stewart Street in Seattle, Washington (the "Project").

2.    In 2018, non-party Graham Construction & Management, Inc. ("Graham") hired Matcon as a subcontractor to perform certain excavation and installation work at that location.

3.    Project Stewart hired Marsh to place liability and builder's risk insurance covering all of the contractors and subcontractors working on the Project. This kind of insurance program is known as an Owner Controlled Insurance Program ("OCIP"), or "wrap" or "wrap up" insurance, which provides insured status to all of the contractors "enrolled" in the program under one set of insurance policies.

4.    In its role as the "OCIP Administration/Insurance Broker," Marsh prepared a "Project Insurance Manual" for the OCIP, which describes, among other things, the procedures for enrolling contractors and subcontractors, the available insurance coverages, limits, and deductibles, and the procedures for contractors to report incidents of property damage or personal injury while working on the Project.

PRETRIAL ORDER - 4

**CASE NO. 2:19-cv-01952-JLR**

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

5.    Matcon, the excavating and shoring subcontractor hired by Graham, was an enrolled contractor under the OCIP.

6.    Under the Project Insurance Manual, Marsh employee Rhanz Cuison was the "OCIP Advisor," Marsh employee Natalie Cordova was the "OCIP Project Manager." Project Stewart was the "Owner," Graham was the "Contractor," Graham employee Justin Ripkin was the "Project Manager," and Graham employee Kevin Coddington was the "Project Administrator."

7.    Project Stewart hired Thomas E. Johnson, an insurance adjuster employed by Sedgwick, to act as its "Claims Executive" for the OCIP. Johnson was replaced as Claims Executive by another Sedgwick adjuster, Scott Fankhauser, shortly before November 2018.

8.    Houston Casualty issued the primary-layer general liability policy that was part of the OCIP. The Houston Casualty policy had a February 12, 2018 to February 12, 2022 policy period and a $25,000 deductible.

9.    On May 8, 2018, Marsh issued a Certificate of Liability Insurance to Matcon, confirming that Matcon was covered by the Houston Casualty policy.  The certificate identified Marsh as the "producer "and Matcon as the "insured."

10.    The Project Insurance Manual states:

## Claim Reporting

**Forward all lawsuits/summons pertaining to the Project to the Owner.**

If injuries to the public or damage to property occur within the construction perimeter and are related to the construction work, a General Liability Claim Reporting form must be completed within 24 hours and reported to the Owner and General Contractor with a copy to Marsh. The Insurance Company will be responsible for all claim investigation and handling.

Claims should be reported to the following:

1.    Justin Ripkin, General Contractor's Project Manager (see directory)
2.    Natalie Cordova, OCIP Project Manager (see directory)
3.    Thomas E. Johnson, Westbank

PRETRIAL ORDER - 5

**CASE NO. 2:19-cv-01952-JLR**

General Liability Incidents **outside** of the construction perimeter should be reported to your non-OCIP insurer.

**Forward all lawsuits/summons pertaining to the Project to the Risk Management Department.**

A. General Liability Claims
- Notify Contractor's Representative immediately.
    In the event of an accident involving a member of the public (vendor, visitor, etc.) and resulting in bodily injury or property damage, implement appropriate first aid or emergency procedures as soon as possible. Do not admit fault or liability to anyone, including the assumption of any medical or hospital expenses. No one should give statements to anyone other than law enforcement authorities, or Contractor's Representative.
    The Contractor's Representative (or as designated by Contractor's Representative) shall complete the Report of Accident form. Every alleged injury or damage must be reported. Include as much detail as possible, claimant information, photos, diagrams, witnesses, and any other information that will be helpful in handling the claim.

B. Other

- In the event a Subcontractor is served a summons involving a claim related to the Project, the Owner and/or Marsh and the General Contractor should be contacted immediately and a copy of the summons forwarded as soon as possible. If no other accident report was completed for the alleged injury or damage, one should be completed using any information the Subcontractor can develop regarding the claim.

11.    On September 24, 2018, Matcon's workers were performing drilling work and damaged an underground duct bank owned by a public utility company, non-party Seattle City Light. Matcon repaired these damages itself at the cost of approximately $2,000 to $3,000, and Matcon did not notify the OCIP about this incident.

12.    On October 19 and 20, 2018, Matcon's workers again damaged duct banks owned by Seattle City Light.

13.    On October 23, 2018, Kevin Coddington (an employee of Graham) notified several recipients about these two new incidents, including Emma Horri (an employee of Project Stewart), Valerie Merry (an employee of Marsh not listed as a recipient for notices of incidents in the Project Insurance Manual), and Project Stewart's Claims Executive for the OCIP, Fankhauser. Horri responded to this notice by asking Fankhauser, the Sedgwick Claims

PRETRIAL ORDER - 6

**CASE NO. 2:19-cv-01952-JLR**

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

1

2    Executive for the OCIP, to investigate the incidents and provide Project Stewart "with the

3    outcome on current status." In the same email, Horri also asked Marsh employee Valerie

4    Merry whether an insurer should be notified. Merry did not respond, but Fankhauser replied

5    that he would "follow up with Kevin [Graham's representative] regarding these incidents and

     let you know what I find out."

6        14.    On October 25, 2018, Graham, through Mr. Ripkin, then sent Matcon' s project

7    manager, Sylvia Bourgeois, a "Formal Notice of Delay" under the terms of Matcon's

8    subcontract.

9        15.    Matcon responded to Graham the next day, October 26, 2018.

         16.    Graham sent a second Notice of Delay to Matcon on October 30, 2018.

10       17.    On November 2, 2018, Matcon sent an OCIP submittal—via email and through

11   an online "OCIP Claim Portal"—seeking defense and indemnity benefits relating to the claims

12   asserted against it by Graham. Matcon attached Graham's October 25, 2018 Notice of Delay

13   to its OCIP submittal. Matcon did not include with this OCIP submittal Matcon's October 26,

14   2018 letter or Graham's October 30, 2018 letter to Matcon. Matcon also did not allege or

     provide any estimate for repairing these duct-bank damages.

15       18.    On November 6, 2018, Graham notified Matcon that Seattle City Light had

16   asserted that a section of the damaged duct bank would need to be replaced, attaching a

17   November 5, 2018 email from Seattle City Light to Project Stewart and Graham.

18       19.    On November 7, 2018, Graham sent a "Notice of Default" to Matcon.

19       20.    On November 8, 2018, Matcon sent its second OCIP submittal.

20       21.    Matcon continued to dispute fault with Graham in the weeks following

21   Matcon's second OCIP submittal on November 8, 2018, including offering a "Recovery Plan"

     on November 16, 2018 that Graham concluded was unsatisfactory.

22

23

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

1

2          22.    By or before October 25, 2018, Seattle City Light had ordered a "shutdown" of

3    the Project as a result of the ductbank strikes, and it was not willing to lift the shutdown until

     they had a redesign that showed the tie-backs missing all of the utilities under the street.

4          23.    Graham terminated Matcon from the Project on November 23, 2018.

5          24.    The Claims Executive, Mr. Fankhauser, continued to investigate and adjust the

6    damages to the duct banks. On January 24, 2019, Kevin Coddington (a Graham employee)

7    wrote to Mr. Fankhauser, with copies to Marsh's representatives, to "touch base" with Mr.

     Fankhauser about the damages, noting that Seattle City Light was "looking to Graham to get

8    the repairs going."

9          25.    On January 25, 2019, Graham advised Matcon that a "large volume of

10   concrete" had recently been discovered in a sewer line belonging to the City of Seattle, which

11   Graham believed may have been Matcon's fault. Graham also advised Matcon that the OCIP

12   administrator had already been notified about this incident.

13         26.    On January 31, 2019, Matcon sent a third OCIP submittal, seeking defense and

14   indemnity benefits relating to Graham's January 25, 2019 letter and its earlier OCIP

15   submittals. Ms. Bourgeois again forwarded the submission to Mr. Ripkin, Ms. Cordova, and

16   Mr. Johnson by email. Matcon asserted that it had "previously placed OCIP on notice of

17   potential claims" regarding Graham's earlier correspondence about the duct-bank damages.

18   Matcon alleged over $3.7 million in "extensive damages" consisting of "withheld payments"

19   allegedly due to Matcon by Graham. Matcon did not attach or describe an estimate of the

     repair costs for the earlier duct-bank damages or for the new sewer-line damages.

20         27.    On February 7, 2019, Marsh asked Project Stewart for confirmation that the

21   duct bank strike incident and the sewer line incident should be reported to the OCIP insurers.

22   Project Stewart's representative responded affirmatively the same day, instructing Marsh,

     "Please put the carrier on notice."

23

PRETRIAL ORDER - 8

**CASE NO. 2:19-cv-01952-JLR**

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

28.     Marsh reported both the duct-bank incident and the sewer-line incident to Houston Casualty (the first-layer liability insurer) and to Axis Surplus Insurance Company (the second-layer liability insurer) on February 8, 2019.

29.     On February 28, 2019, Matcon filed a lawsuit against Graham in King County Superior Court, *MatconUSA LP v. Graham Construction & Management Inc.*, No. 19-2-05800-5 ("the Underlying Lawsuit").

30.     On July 19, 2019, Graham answered Matcon's complaint and filed several counterclaims against Matcon in the Underlying Action.

31.     On August 7, 2019, Matcon made its fourth OCIP submittal, including attaching Graham's counterclaims.

32.     As of the date of this proposed pretrial order, the claims in the Underlying Lawsuit remain unresolved.

33.     After negotiations with the owner of the damaged duct banks, Seattle City Light, Houston Casualty paid $713,948.40 to resolve Seattle City Light's potential duct-bank claim. Seattle City Light never filed a lawsuit. Matcon did not pay any part of this amount.

34.     On October 7, 2019, Matcon sent Houston Casualty a letter notifying Houston Casualty that Matcon intended to sue Houston Casualty for an unreasonable denial of insurance policy benefits unless Houston Casualty resolved the bases for Matcon's claims within 20 days.

35.     Houston Casualty did not respond to Matcon's letter within 20 days.

36.     Houston Casualty acknowledged receipt of Matcon's claims on November 13, 2019.

37.     On November 27, 2019, Matcon filed this lawsuit against Houston Casualty.

38.     On June 17, 2020, Houston Casualty offered to "reimburse Matcon for defense costs related to the defense of covered claims, subject to a full reservation of rights to disclaim any indemnity or defense obligation should the ultimate facts proven warrant such a position."

PRETRIAL ORDER - 9

CASE NO. 2:19-cv-01952-JLR

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

39.     On July 15, 2020, Houston Casualty offered to "reimburse Matcon for past defense costs associated with the defense of covered claims, to assume Matcon's defense of the claims General Contractor Graham Construction ('Graham') made against it due to its work on the 1200 Stewart Project ('the Project'), subject to the terms of the policy and with a full reservation of rights to disclaim any indemnity or defense obligation should the ultimate facts proven warrant such a position."

40.     On July 16, 2020, Matcon advised Houston Casualty that Matcon "rejects Houston Casualty's offers—to reimburse prior defense costs and to belatedly appoint defense counsel—as untimely." Matcon further reserved its right to pursue all claims against Houston Casualty, including its breach of contract and bad faith claims.

41.     On July 21, 2020, Matcon amended this lawsuit to add Marsh and Crum & Forster (Matcon's errors-and-omissions insurer, since dismissed after settling with Matcon) as defendants.

## ISSUES OF LAW

The following are the issues of law to be determined by the court:

### a)  Issues of Law Submitted by Plaintiff

1.     Whether Houston Casualty breached its duty to defend Matcon.

2.     Whether Houston Casualty acted unreasonably by not offering a defense to Matcon prior to July 15, 2020.

3.     Whether Marsh owed duties to notify Houston Casualty of Matcon's tenders of claims and suits.

### b)  Issues of Law Submitted by Houston Casualty

1.   Whether Houston Casualty breached its duty to defend Matcon.

2.   Whether Houston Casualty acted unreasonably by not offering a defense to Matcon prior to July 15, 2020.

PRETRIAL ORDER - 10

CASE NO. 2:19-cv-01952-JLR

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

c)  **Issues of Law Submitted by Marsh**

1.      Only Project Stewart was a client of Marsh, and only Project Stewart was the Owner in the Owner Controlled Insurance Program. Were Marsh's duties as the OCIP Project Manager owed only to Project Stewart?

2.      Under the "Claim Reporting" section of the Project Insurance Manual, all insureds were obligated to forward "all lawsuits/summons" to representatives for the General Contractor, the Owner, and "with a copy to Marsh." Did Matcon's mere notice of an incipient dispute between it and the General Contractor fail to constitute a "Claim" under this section of the Project Insurance Manual?

3.      Marsh's only duty regarding the reporting of claims to OCIP insurers arises from the terms of Marsh's engagement letter with Project Stewart. Under the terms of this letter, Marsh was to notify OCIP insurers about "claims" only when "informed in writing" of the claim by Project Stewart and when "written notice" from Project Stewart directed Marsh to the "applicable carrier and policies." Project Stewart never provided either of these required written communications to Marsh regarding Matcon's supposed "requests for insurance benefits" in November 2018. Under these circumstances, did Marsh never fall under a duty to notify Houston Casualty about Matcon's supposed "requests for insurance benefits" on November 2 and November 8, 2018?

4.      In November 2018, Matcon sent notice to Graham, Project Stewart, and "with a copy to Marsh" about Matcon's dispute with Graham regarding Matcon's negligence in causing damages to the duct banks. In the days, and then weeks, that followed, Matcon was never contacted by Houston Casualty or any other insurer either to acknowledge notice of the dispute or to assign defense counsel to Matcon. Despite this obvious lack of a response, Matcon did absolutely nothing to follow up with Houston Casualty, Graham, Project Stewart, or Marsh, electing instead to rely on Matcon's own lawyers in opposing Graham's allegations. Did Matcon's decision to do nothing contribute to the supposed "late" notice to Houston

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

1
2
3
4

Casualty that Matcon asserts it was entitled to? Was Matcon contributorily negligent in failing to follow up, including by notifying Houston Casualty or even simply asking for a response? Did Matcon fail to mitigate its alleged damages by failing to notify Houston Casualty or otherwise attempt to cure what Matcon alleges was a lack of notification to Houston Casualty?

5
6
7
8
9

5.    Matcon's notices about its dispute with Graham in November 2018 failed to indicate the amount of damages caused by Matcon's negligence in causing several "duct bank strikes" damaging utilities owned by non-party Seattle City Light. The deductible under the OCIP was $25,000. Was Marsh under a professional duty of care to report Matcon's dispute to Houston Casualty even though there was no indication that the damages at issue, if a true "claim" were ever filed at some time in the future, would reach the $25,000 deductible?

10
11
12
13
14

6.    Despite alleging that Marsh breached a professional duty of care regarding notice to Houston Casualty about Matcon's dispute with Graham, Matcon failed to designate an expert witness to testify about the scope and nature of Marsh's duties as a professional insurance broker in this situation. Is Matcon's negligence claim against Marsh precluded as a matter of law by Matcon's failure to designate a necessary expert witness to testify about this issue?

15
16
17
18
19
20
21

7.    Project Stewart, Marsh's only client for the OCIP, did not instruct Marsh to report the damages caused by Matcon's negligent "duct bank strikes" until February 7, 2019. The next day, on February 8, 2019, Marsh notified Houston Casualty about the damages negligently caused by Matcon to the duct banks and about additional damages to a sewer line thought to have been caused by Matcon's negligence in late January 2019. Did Marsh owe a duty to notify Houston Casualty of the incidents described in Matcon's OCIP submittals regarding the ductbank strikes any earlier than when Marsh did so, in response to Project Stewart's directions, on February 8, 2019?

22
23

8.    Matcon alleges that it suffered damages caused by Houston Casualty's allegedly late assignment of attorneys to defend Matcon against Graham's claims, even though

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

1
2
3
4
5
6
7
8
9
10

Matcon had been represented by counsel since even before Matcon's first notices of its dispute with Graham in October 2018. Matcon's measure of its damages is the shortfall between the $3.7 million that Matcon alleges was owed by Graham and the smaller amount paid to Matcon under its never-finalized settlement with Graham and Project Stewart. Are Matcon's claims precluded by its failure to designate an expert witness to testify about the reasonableness of this settlement in view of the supposed liability defense caused by late assignment of defense counsel? Are Matcon's alleged claims and damages arising from its termination from the Project not "ripe" as a matter of law? Does Matcon's failure of expert-witness testimony prevent Matcon from showing that the late assignment of defense counsel caused Matcon to settle for less than its demand, as opposed to Matcon's bad design, poor workmanship, and failure to adhere to safety rules on the project?

11
12
13
14
15
16
17
18
19
20
21
22
23

9.    Graham terminated Matcon from the Project on November 23, 2018, alleging that Matcon had submitted bad designs for its "tie-backs" on the project, that these "tie-backs" were insufficient for the site conditions in Seattle, that Matcon's work was unacceptable, and that Matcon was failing to follow required safety rules and procedures. Additionally, Graham alleged that Matcon had failed to timely remedy damages caused by Matcon's negligence in causing several "duct bank strikes" in October 2018, leading to project delays and threats from Seattle City Light, the owner of the damaged utility duct banks. Was Matcon contributorily negligent in poorly performing its work and in failing to timely correct damages cause by its own poor workmanship? Did Matcon fail to mitigate its damages by refusing to timely address and correct the deficiencies in Matcon's work cited by Graham?

## EXPERT WITNESSES

The parties will not be calling expert witnesses.

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

# OTHER WITNESSES

The names and addresses of witnesses to be used by each party at the time of trial and the general nature of the testimony of each are:

**(a)    On behalf of Plaintiff:**

| NAME AND ADDRESS | EXPECTED TESTIMONY | WILL TESTIFY | POSSIBLE WITNESS ONLY |
|---|---|---|---|
| Adam Heath, c/o Harper │ Hayes 1200 Fifth Avenue, Suite 1208 Seattle, WA 98101 (206) 340-8010 | Mr. Heath will testify regarding the totality of Matcon's work on the Project; Matcon's requests for insurance benefits from Marsh, the incidents and claims giving rise to Matcon's request for insurance benefits; the lack of response to those requests, and damages suffered by Matcon as a result of the lack of response and insurance benefits; how and when Houston Casualty' responded to Matcon's requests for insurance benefits; the defense fees and costs incurred in the Underlying Action; the claims and counterclaims asserted in the Underlying Action; the damages alleged and at issue in the Underlying Action; and resolution attempts in the Underlying Action. | X | |
| Sylvia Bourgeois c/o Harper │ Hayes 1200 Fifth Avenue, Suite 1208 Seattle, WA 98101 (206) 340-8010 | Ms. Bourgeois will testify regarding her role at Matcon; her involvement in the Project; her dealings with Graham Construction; Matcon's termination from the Project; and damages suffered by Matcon | X | |
| Glen Bransford , c/o Harper │ Hayes 1200 Fifth Avenue, Suite 1208 Seattle, WA 98101 (206) 340-8010 | Mr. Bransford will testify regarding the Project; the nature of damage at issue in this lawsuit; the claims and counterclaims asserted in the Underlying Action; and the damages | X | |

PRETRIAL ORDER - 14

**CASE NO. 2:19-cv-01952-JLR**

| | | | |
|---|---|---|---|
| | alleged and at issue in the Underlying Action. | | |
| Scott Sleight<br>Ahlers Cressman & Sleight PLLC<br>1325 4th Ave,<br> Suite 1850<br>Seattle, WA  98101<br>(206) 287-9900 | Mr. Sleight will testify about the facts and circumstances surrounding Matcon's work on the Project;  the facts and circumstances surrounding Matcon's termination on the Project;  Matcon's requests for insurance benefits, the responses to those requests, and damages suffered by Matcon as a result of the lack of response; the defense fees and costs incurred in the Underlying Action; the claims and counterclaims asserted in the Underlying Action; the damages alleged and at issue in the Underlying Action; and the final resolution of the Underlying Action | X | |
| Stephen Jungaro<br>c/o Harper \| Hayes<br>1200 Fifth Avenue,<br>Suite 1208<br>Seattle, WA 98101<br>(206) 340-8010 | Mr. Jungaro may testify regarding the Project; the nature of the damage at issue in this lawsuit; Matcon's requests for insurance benefits, the responses to those requests, and damages suffered by Matcon as a result of the lack of response; Houston Casualty's investigation of Matcon's Claim; Houston Casualty's actions and omissions in handling and responding to Matcon's Claim; the defense fees and costs incurred in the Underlying Action; the claims and counterclaims asserted in the Underlying Action; the damages alleged and at issue in the Underlying Action; and the final resolution of the Underlying Action. | | X |

PRETRIAL ORDER - 15

**CASE NO. 2:19-cv-01952-JLR**

HARPER | HAYES PLLC<br>1200 Fifth Avenue, Suite 1208<br>Seattle, Washington 98101<br>Telephone: 206-340-8010

| | | | |
|---|---|---|---|
| Cheryl Soares<br>c/o Gordon Rees Scully Mansukhani LLP<br>701 5th Avenue, Suite 2100<br>Seattle, WA 98104<br>(206) 695-5100 | Ms. Soares may testify about Matcon's requests for insurance benefits to Defendant Houston Casualty; Houston Casualty's investigation of Matcon's insurance claim; Houston Casualty's actions and omissions in handling and responding to Matcon's insurance claim; other insurance claims made to Houston Casualty or the OCIP relating to the Project, and Houston Casualty's handling and adjustment of those claims; the contents of the Houston Casualty's claim files; and Houston Casualty's standards for claim handling and file documentation. | | X |
| Jamie Caiola<br>c/o Gordon Rees Scully Mansukhani LLP<br>701 5th Avenue, Suite 2100<br>Seattle, WA 98104<br>(206) 695-5100 | Ms. Caiola may testify about Matcon's request for insurance benefits to Defendant Houston Casualty; Houston Casualty's investigation of Matcon's insurance claim; Houston Casualty's actions and omissions in handling and responding to Matcon's insurance claim; other insurance claims made to Houston Casualty or the OCIP relating to the Project, and Houston Casualty's handling and adjustment of those claims; the contents of the Houston Casualty's claim files; and Houston Casualty's standards for claim handling and file documentation. | | X |

PRETRIAL ORDER - 16

CASE NO. 2:19-cv-01952-JLR

| | | | |
|---|---|---|---|
| Fernanda Aragon c/o Gordon Rees Scully Mansukhani LLP 701 5th Avenue, Suite 2100 Seattle, WA 98104 (206) 695-5100 | Ms. Aragon may testify regarding the nature of the damage at issue in this lawsuit; Matcon's request for insurance benefits to Defendant Houston Casualty; Houston Casualty's investigation of Matcon's insurance claim; Houston Casualty's actions and omissions in handling and responding to Matcon's insurance claim; other insurance claims made to Houston Casualty or the OCIP relating to the Project, and Houston Casualty's handling and adjustment of those claims; the contents of the Houston Casualty's claim files; and Houston Casualty's standards for claim handling and file documentation. | | X |
| Neal Philip c/o Gordon Rees Scully Mansukhani LLP 701 5th Avenue, Suite 2100 Seattle, WA 98104 (206) 695-5100 | Mr. Philip may be called to testify regarding the topics addressed in his letters to Matcon's counsel dated June 17 and July 15, 2020, written on Houston Casualty's behalf. | | X |
| Natalie Cordova c/o McDermott Weaver Connelly Clifford LLP 1000 SW Broadway, Suite 960 Portland, OR 97205 (503) 208-6848 | Ms. Cordova may testify regarding the OCIP and Marsh's administration of the OCIP; the OCIP claims portal; the Project Insurance Manual; Matcon's requests for insurance benefits, Marsh's receipt of those requests, and the responses to those requests; other insurance claims made through Marsh or the OCIP claims portal relating to the Project, and the responses to those requests; and Marsh's standards for managing or handling claims received as an OCIP administrator/insurance broker, or received through an OCIP claims portal. | | X |

PRETRIAL ORDER - 17

CASE NO. 2:19-cv-01952-JLR

| | | | |
|---|---|---|---|
| Rhanz Cuison<br>c/o McDermott Weaver Connelly Clifford LLP<br>1000 SW Broadway, Suite 960<br>Portland, OR 97205<br>(503) 208-6848 | Mr. Cuison may testify regarding the OCIP and Marsh's administration of the OCIP; the OCIP claims portal; the Project Insurance Manual; Matcon's requests for insurance benefits, Marsh's receipt of those requests, and the responses to those requests; other insurance claims made through Marsh or the OCIP claims portal relating to the Project, and the responses to those requests; and Marsh's standards for managing or handling claims received as an OCIP administrator/insurance broker, or received through an OCIP claims portal. | | X |
| Valerie Merry<br>c/o McDermott Weaver Connelly Clifford LLP<br>1000 SW Broadway, Suite 960<br>Portland, OR 97205<br>(503) 208-6848 | Ms. Merry may testify regarding the OCIP and Marsh's administration of the OCIP; the OCIP claims portal; the Project Insurance Manual; Matcon's requests for insurance benefits, Marsh's receipt of those requests, and the responses to those requests; other insurance claims made through Marsh or the OCIP claims portal relating to the Project, and the responses to those requests; and Marsh's standards for managing or handling claims received as an OCIP administrator/insurance broker, or received through an OCIP claims portal. | | X |

PRETRIAL ORDER - 18

**CASE NO. 2:19-cv-01952-JLR**

| | | | |
|---|---|---|---|
| Dan Chilton<br>c/o McDermott Weaver Connelly Clifford LLP<br>1000 SW Broadway, Suite 960<br>Portland, OR 97205<br>(503) 208-6848 | Mr. Chilton may testify regarding the OCIP and Marsh's administration of the OCIP; the OCIP claims portal; the Project Insurance Manual; Matcon's requests for insurance benefits, Marsh's receipt of those requests, and the responses to those requests; other insurance claims made through Marsh or the OCIP claims portal relating to the Project, and the responses to those requests; and Marsh's standards for managing or handling claims received as an OCIP administrator/insurance broker, or received through an OCIP claims portal. | | X |
| Ryan Dumm<br>Schwabe,<br>Williamson & Wyatt<br>1420 5th Ave Suite 3400<br>Seattle, WA 98101<br>(206) 689-1201 | Mr. Dumm may testify regarding the claims and counterclaims asserted in the Underlying Action; the damages alleged and at issue in the Underlying Action; and the final resolution of the Underlying Action. | | X |
| Michael Chaplin<br>c/o Schwabe,<br>Williamson & Wyatt<br>1420 5th Ave Suite 3400<br>Seattle, WA 98101<br>(206) 689-1201 | Mr. Chaplin may testify regarding Project Stewart's understanding of the claims process under the OCIP; the claims and counterclaims asserted in the Underlying Action; the damages alleged and at issue in the Underlying Action; and the final resolution of the Underlying Action. | | X |
| Theo Ong<br>c/o Schwabe,<br>Williamson & Wyatt<br>1420 5th Ave Suite 3400<br>Seattle, WA 98101<br>(206) 689-1201 | Mr. Ong may testify regarding the claims and counterclaims asserted in the Underlying Action; the damages alleged and at issue in the Underlying Action; and the final resolution of the Underlying Action | | X |

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| | | | |
|---|---|---|---|
| Athan Tramountanas<br>Ogden Murphy<br>Wallace<br>901 5th Avenue,<br>Suite 3500<br>Seattle, WA 98164<br>(206) 447-7000 | Mr. Tramountanas may testify regarding the claims and counterclaims asserted in the Underlying Action; the damages alleged and at issue in the Underlying Action; and the final resolution of the Underlying Action. | | X |
| Justin Ripkin<br>c/o Ogden Murphy<br>Wallace<br>901 5th Avenue,<br>Suite 3500<br>Seattle, WA 98164<br>(206) 447-7000 | Mr. Ripkin may testify regarding the claims and counterclaims asserted in the Underlying Action; the damages alleged and at issue in the Underlying Action; and the final resolution of the Underlying Action. | | X |
| Kevin Coddington<br>c/o Ogden Murphy<br>Wallace<br>901 5th Avenue,<br>Suite 3500<br>Seattle, WA 98164<br>(206) 447-7000 | Mr. Coddington may testify regarding Graham's decision to terminate Matcon from the Project; Graham's understanding of the claims process under the OCIP; the claims and counterclaims asserted in the Underlying Action; the damages alleged and at issue in the Underlying Action; and the final resolution of the Underlying Action. | | X |
| Brad Giles<br>c/o Ogden Murphy<br>Wallace<br>901 5th Avenue,<br>Suite 3500<br>Seattle, WA 98164<br>(206) 447-7000 | Mr. Giles may testify regarding Graham's decision to terminate Matcon from the Project; the claims and counterclaims asserted in the Underlying Action; the damages alleged and at issue in the Underlying Action; and the final resolution of the Underlying Action. | | X |
| Henry Spieker<br>HKA<br>3020 Issaquah Pine Lake Road Suite 530<br>Sammamish, WA 98075<br>(425) 507-4800 | Mr. Spieker may testify regarding the claims and counterclaims asserted in the Underlying Action; the damages alleged and at issue in the Underlying Action; and the work he performed relating to the Underlying Action | | X |

PRETRIAL ORDER - 20

CASE NO. 2:19-cv-01952-JLR

HARPER | HAYES PLLC<br>1200 Fifth Avenue, Suite 1208<br>Seattle, Washington 98101<br>Telephone: 206-340-8010

| NAME AND ADDRESS | EXPECTED TESTIMONY | WILL TESTIFY | POSSIBLE WITNESS ONLY |
|---|---|---|---|
| Paul Pedersen<br>Pedersen Associates, Inc.<br>PO Box 1558<br>Orting, WA 98360<br>(206) 851-3700 | Mr. Pederson may testify regarding the claims and counterclaims asserted in the Underlying Action; the damages alleged and at issue in the Underlying Action; and the work he performed relating to the Underlying Action. | | X |

**(b)    On behalf of Defendant Houston Casualty Company:**

| NAME AND ADDRESS | EXPECTED TESTIMONY | WILL TESTIFY | POSSIBLE WITNESS ONLY |
|---|---|---|---|
| Matthew Day<br>c/o Gordon Rees Scully Mansukhani LLP<br>701 5th Avenue, Suite 2100<br>Seattle, WA 98104<br>(206) 695-5100 | Matthew is a casualty claims specialist for HCC Service Company, Inc. Mr. Day will testify regarding the subject insurance claims, the loss at issue, Houston's investigation, handling and adjustment of the subject claims as well as other claims concerning the Project, and Matcon's alleged damages. | X | |
| Cheryl Soares<br>c/o Gordon Rees Scully Mansukhani LLP<br>701 5th Avenue, Suite 2100<br>Seattle, WA 98104<br>(206) 695-5100 | Cheryl Soares is a corporate claims specialist for Houston. Ms. Soares will testify regarding the subject insurance claims, the loss at issue, Houston's investigation, handling and adjustment of the subject claims as well as other claims concerning the Project, and Matcon's alleged damages. | | X |
| Fernanda Aragon<br>c/o Gordon Rees Scully Mansukhani LLP<br>701 5th Avenue, Suite 2100<br>Seattle, WA 98104<br>(206) 695-5100 | Fernanda Aragon is a general adjuster for Network Adjusters, Inc., and was involved in handling the claim no. CCL003197. Ms. Aragon will testify regarding the drilling insurance claim, the loss at issue, Houston's investigation, handling and adjustment of the claim, and Matcon's alleged damages. | | X |

PRETRIAL ORDER - 21

**CASE NO. 2:19-cv-01952-JLR**

HARPER | HAYES PLLC<br>1200 Fifth Avenue, Suite 1208<br>Seattle, Washington 98101<br>Telephone: 206-340-8010

| Name/Address | Description | | Will Call | May Call |
|---|---|---|---|---|
| Melanie Hinck<br>c/o Gordon Rees Scully Mansukhani LLP<br>701 5th Avenue, Suite 2100<br>Seattle, WA 98104<br>(206) 695-5100 | Melanie Hinck is a collections representative for Network Adjusters, Inc. Ms. Hinck was involved in addressing collections and deductible issues with respect to the subject insurance claims. Ms. Hinck will testify regarding deductibles and payments with regard to the subject policy. | | | X |
| Jeremy Davis<br>c/o Gordon Rees Scully Mansukhani LLP<br>701 5th Avenue, Suite 2100<br>Seattle, WA 98104<br>(206) 695-5100 | Jeremy Davis is a claims professional for Network Adjusters, Inc., and was involved in handling claim number CCL003196. Mr. Davis will testify regarding the subject insurance claim, the loss at issue, and Houston's investigation, handling and adjustment of that claim. | | | X |
| William Tierney<br>c/o Gordon Rees Scully Mansukhani LLP<br>701 5th Avenue, Suite 2100<br>Seattle, WA 98104<br>(206) 695-5100 | William Tierney is a claims supervisor for Network Adjusters, Inc., and was involved in claim no. CCL003197 and claim no. CCL003196. Mr. Tierney will testify regarding the subject insurance claims, the losses at issue, Houston's investigation, handling and adjustment of the subject claims, and Matcon's alleged damages. | | | X |
| Gordon Gombasy<br>c/o Gordon Rees Scully Mansukhani LLP<br>701 5th Avenue, Suite 2100<br>Seattle, WA 98104<br>(206) 695-5100 | George Gombasy is a general adjuster for Frontier Adjusters of Everett/Bellingham, WA ("Frontier Adjusters") and was involved in investigating claim no. CCL003197 and claim no. CCL003196. Mr. Gombasy will testify regarding the subject insurance claims, the loss at issue, Houston's investigation of the subject claims, and Matcon's alleged damages. | | | X |
| Merann Dickinson<br>Marsh USA, Inc.<br>1301 5th Ave., Suite 1900 | Merann Dickinson is a claim advisor for Marsh USA, Inc. ("Marsh") and was involved in claim number CCL003197. Ms. Dickinson may | | | X |

PRETRIAL ORDER - 22

CASE NO. 2:19-cv-01952-JLR

HARPER | HAYES PLLC<br>1200 Fifth Avenue, Suite 1208<br>Seattle, Washington 98101<br>Telephone: 206-340-8010

| | | | |
|---|---|---|---|
| Seattle, WA 98101 (206) 214-3143 | testify regarding communications concerning the subject claim in this matter, the OCIP and Marsh's administration of the OCIP, the OCIP claims portal, the Project Insurance Manual, Matcon's requests for insurance benefits, Marsh's receipt of those requests and the responses to those requests, other insurance claims made through Marsh or the OCIP claims portal relating to the Project and the responses to those requests, and Marsh's standards for managing or handling claims received as an OCIP administrator/insurance broker or received through an OCIP claims portal. | | |
| Dan Chilton Marsh USA, Inc. 1225 17th Street, Suite 1300 Denver, CO 80202 (303) 308-4594 | Dan Chilton is an employee for Marsh. Mr. Chilton may testify regarding communications concerning the subject claim in this matter, the OCIP and Marsh's administration of the OCIP, the OCIP claims portal, the Project Insurance Manual, Matcon's requests for insurance benefits, Marsh's receipt of those requests and the responses to those requests, other insurance claims made through Marsh or the OCIP claims portal relating to the Project and the responses to those requests, and Marsh's standards for managing or handling claims received as an OCIP administrator/insurance broker or received through an OCIP claims portal. | | X |
| Natalie Cordova c/o McDermott Weaver Connelly Clifford LLP 1000 SW Broadway, Suite 960 Portland, OR 97205 | Natalie Cordova is an assistant vice president and wrap-up service center project manager for Marsh USA, Inc., and was the OCIP administrator for the subject Project. Ms. Cordova may testify regarding communications concerning the | | X |

PRETRIAL ORDER - 23

CASE NO. 2:19-cv-01952-JLR

| | | | |
|---|---|---|---|
| 503-208-6848 | subject claim in this matter, the OCIP and Marsh's administration of the OCIP, the OCIP claims portal, the Project Insurance Manual, Matcon's requests for insurance benefits, Marsh's receipt of those requests and the responses to those requests, other insurance claims made through Marsh or the OCIP claims portal relating to the Project and the responses to those requests, and Marsh's standards for managing or handling claims received as an OCIP administrator/insurance broker or received through an OCIP claims portal. | | |
| Rhanz Cuison c/o McDermott Weaver Connelly Clifford LLP 1000 SW Broadway, Suite 960 Portland, OR 97205 503-208-6848 | Rhanz Cuison is an employee of Marsh and may testify regarding communications concerning the subject claim in this matter, the OCIP and Marsh's administration of the OCIP, the OCIP claims portal, the Project Insurance Manual, Matcon's requests for insurance benefits, Marsh's receipt of those requests and the responses to those requests, other insurance claims made through Marsh or the OCIP claims portal relating to the Project and the responses to those requests, and Marsh's standards for managing or handling claims received as an OCIP administrator/insurance broker or received through an OCIP claims portal. | | X |
| Valerie Merry c/o McDermott Weaver Connelly Clifford LLP 1000 SW Broadway, Suite 960 Portland, OR 97205 503-208-6848 | Valerie Merry is an employee of Marsh and may testify regarding communications concerning the subject claim in this matter, the OCIP and Marsh's administration of the OCIP, the OCIP claims portal, the Project Insurance Manual, Matcon's requests for insurance benefits, Marsh's receipt of those requests and | | X |

PRETRIAL ORDER - 24

CASE NO. 2:19-cv-01952-JLR

| | | | |
|---|---|---|---|
| | the responses to those requests, other insurance claims made through Marsh or the OCIP claims portal relating to the Project and the responses to those requests, and Marsh's standards for managing or handling claims received as an OCIP administrator/insurance broker or received through an OCIP claims portal. | | |
| Adam Heath c/o Harper Hayes PLLC 1200 Fifth Avenue, Suite 1208 Seattle, WA 98101 206-340-8010 | Adam Heath is an employee for Matcon. Mr. Heath may testify regarding the reporting and investigation of the subject claims, and provide information regarding the subject losses, Matcon's drilling activities, reporting of the subject incidents, and Matcon's alleged damages. | | X |
| Sylvia Bourgeois c/o Harper Hayes PLLC 1200 Fifth Avenue, Suite 1208 Seattle, WA 98101 206-340-8010 | Sylvia Bourgeois is an employee for Matcon. Ms. Bourgeois may testify regarding the reporting and investigation of the subject claims, and provide information regarding the subject losses, Matcon's drilling activities, reporting of the subject incidents, and Matcon's alleged damages. | | X |
| Glen Bransford c/o Harper Hayes PLLC 1200 Fifth Avenue, Suite 1208 Seattle, WA 98101 206-340-8010 | Glen Bransford is a project manager for Matcon at the Project. Mr. Bransford may testify regarding Matcon's drilling activities, reporting of the subject incident, and Matcon's alleged damages. | | X |
| Kevin Coddington Graham Construction, Inc. 568 First Ave. S., Suite 400 Seattle, WA 98104 (206) 729-8844 | Kevin Coddington is a project manager for Graham. Mr. Coddington may testify regarding the subject loss, the investigation of Matcon's drilling activities, Graham's decision to terminate Matcon from the Project, and Matcon's alleged damages. | | X |

PRETRIAL ORDER - 25

CASE NO. 2:19-cv-01952-JLR

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| | | | |
|---|---|---|---|
| Justin Ripkin<br>Graham Construction, Inc.<br>568 First Ave. S., Suite 400<br>Seattle, WA 98104<br>(206) 729-8844 | Justin Ripkin is a project manager for Graham. Mr. Ripkin may testify regarding the subject loss, the investigation of Matcon's drilling activities, Graham's decision to terminate Matcon from the Project, and Matcon's alleged damages. | | X |
| Thomas E. Johnson<br>Project Stewart, LLC<br>2107 Elliott Ave., Suite 206<br>Seattle, WA 98121<br>*Phone number unknown* | Thomas Johnson is an employee at Project Stewart LLC ("Project Stewart"). Mr. Johnson may testify regarding the insurance claims at issue, the subject loss, the handling of the subject claims, and Matcon's alleged damages. | | X |
| Linda Huot<br>Westbank Corp.<br>2107 Elliott Ave., Suite 208<br>Seattle, WA 98121<br>(605) 329-8645 | Linda Huot is an employee for Westbank Corp. Ms. Huot may testify regarding the subject loss, Matcon's drilling activities, reporting of the subject incident, and Matcon's alleged damages. | | X |
| Michael Chaplin<br>Westbank Corp.<br>2107 Elliott Ave., Suite 208<br>Seattle, WA 98121<br>(604) 685-8986 | Michael Chaplin is an employee for Westbank Corp. Mr. Chaplin may testify regarding the subject loss, Matcon's drilling activities, reporting of the subject incident, the claims process under the OCIP, and Matcon's alleged damages. | | X |
| Neal Philip<br>c/o Gordon Rees Scully Mansukhani LLP<br>701 5th Avenue, Suite 2100<br>Seattle, WA 98104<br>(206) 695-5100 | Neal Philip is an attorney representing Houston in this matter. Mr. Philip may testify regarding communications concerning the subject insurance claims. | | X |
| Thom Williams<br>c/o Harper Hayes PLLC | Thom Williams is an attorney representing Matcon in this matter. Mr. Williams may testify regarding | | X |

PRETRIAL ORDER - 26

CASE NO. 2:19-cv-01952-JLR

| NAME AND ADDRESS | EXPECTED TESTIMONY | WILL TESTIFY | POSSIBLE WITNESS ONLY |
|---|---|---|---|
| 1200 Fifth Avenue, Suite 1208 Seattle, WA 98101 206-340-8010 | communications concerning the subject insurance claims. | | |

**(c) On behalf of Defendant Marsh:**

| NAME AND ADDRESS | EXPECTED TESTIMONY | WILL TESTIFY | POSSIBLE WITNESS ONLY |
|---|---|---|---|
| Jason Hamilton c/o McDermott Weaver Connelly Clifford LLP 1000 SW Broadway, Suite 960 Portland, OR 97205 503-208-6848 | Mr. Hamilton will testify about the negotiation and intent of the parties to the engagement letter between Marsh and Project Stewart, Marsh's role as the OCIP Administration / Insurance Broker, and the authority of Project Stewart to control the reporting of claims under the Project Insurance Manual. | X | |
| Natalie Cordova c/o McDermott Weaver Connelly Clifford LLP 1000 SW Broadway, Suite 960 Portland, OR 97205 503-208-6848 | Ms. Cordova will testify about the intent of the parties regarding the Project Insurance Manual, including the scope and nature of Marsh's and the Claims Executive's responsibilities and obligations under the Project Insurance Manual. Ms. Cordova will testify about instructions from Project Stewart to report claims to the OCIP insurers. She will also testify about Matcon's failure to follow up for nearly a year regarding Matcon's OCIP submittals. She will testify about Marsh's reasons for not notifying Houston Casualty about Matcon's notices of a dispute with Graham until Project Stewart, Marsh's only client, requested this reporting in early February 2019. | X | |

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| NAME AND ADDRESS | EXPECTED TESTIMONY | WILL TESTIFY | POSSIBLE WITNESS ONLY |
|---|---|---|---|
| Valerie Merry c/o McDermott Weaver Connelly Clifford LLP 1000 SW Broadway, Suite 960 Portland, OR 97205 503-208-6848 | Ms. Merry may testify about Sedgwick's, Graham's and Marsh's receipt of Matcon's OCIP submittals and Project Stewart's assignment to Scott Fankhauser to handle the investigation and adjustment of these damages and Matcon's duct-bank strikes. | | X |
| Dan Chilton c/o McDermott Weaver Connelly Clifford LLP 1000 SW Broadway, Suite 960 Portland, OR 97205 503-208-6848 | Mr. Chilton may testify regarding his role in seeking to assist in Houston Casualty's adjustment of Matcon's duct-bank strikes claim in 2019 and 2020. | | X |
| Rhanz Cuison c/o McDermott Weaver Connelly Clifford LLP 1000 SW Broadway, Suite 960 Portland, OR 97205 503-208-6848 | Mr. Cuison may testify about his role as the OCIP advisor, including Sedgwick's, Graham's and Marsh's receipt of Matcon's OCIP submittals, and Project Stewart's assignment to Scott Fankhauser to handle the investigation and adjustment of these damages and Matcon's duct-bank strikes. | | X |
| Merann Dickinson c/o McDermott Weaver Connelly Clifford LLP 1000 SW Broadway, Suite 960 Portland, OR 97205 503-208-6848 | Ms. Dickinson may testify about Marsh's provision of notice to Houston Casualty concerning the incident reports of Matcon's duct-bank strikes. | | X |

PRETRIAL ORDER - 28

CASE NO. 2:19-cv-01952-JLR

| NAME AND ADDRESS | EXPECTED TESTIMONY | WILL TESTIFY | POSSIBLE WITNESS ONLY |
|---|---|---|---|
| Michael Chaplin c/o Ryan Dumm Schwabe, Williamson & Wyatt US Bank Centre 1420 Fifth Ave., Suite 3400 Seattle, WA 98101 | Mr. Chaplin will testify that he was the Project Manager for Westbank/Project Stewart. He will testify that Project Stewart hired Marsh to place the insurance policies for the OCIP. He will testify that he did not expect an incident to be reported to the OCIP insurers when the anticipated costs of the repairs for damage were less than the $25,000 deductible under the OCIP. He will testify that Project Stewart never instructed Marsh to report the duct-bank strikes until February 7, 2019. Mr. Stewart will testify that Matcon's settlement agreement, when finalized, will convert the general contractor's termination of Matcon from one "for cause" to a "termination for convenience." | X | |
| Sylvia Bourgeois c/o Harper Hayes PLLC 1200 Fifth Avenue, Suite 1208 Seattle, WA 98101 206-340-8010 | Ms. Bourgeois will testify about Matcon's OCIP submittals and to the lack of follow up from Matcon after each of the submittals. | | X |
| Adam Heath c/o Harper Hayes PLLC 1200 Fifth Avenue, Suite 1208 Seattle, WA 98101 206-340-8010 | Mr. Heath will testify regarding Matcon's work on the Project, Matcon's communications with Graham regarding the Project, Matcon's enrollment in the OCIP program for the Project, Matcon's submittals to the OCIP portal, Graham's Notice of Default to Matcon, and Matcon's communications with Houston Casualty's adjusters. Mr. Heath is also expected to testify consistent with his testimony at the FRCP 30(b)(6) deposition of Matcon. | | X |

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| NAME AND ADDRESS | EXPECTED TESTIMONY | WILL TESTIFY | POSSIBLE WITNESS ONLY |
|---|---|---|---|
| Emma Horri Active Captive Management 25361 Commercecentre Dr., Suite 150 Lake Forest, CA 92630 800-921-0155 | Ms. Horri will testify about the intent of the parties regarding the terms of the Project Insurance Manual. Ms. Horri will testify that none of the notices sent by Matcon in October and November 2018 were "Claims" under the "Claims Reporting" section of the Project Insurance Manual. Under the OCIP, notices about claims were to be sent to insurers only under instructions from Project Stewart. Project Stewart never instructed Marsh to notify any OCIP insurer about Matcon's negligent duct-bank strikes (which took place in October 2018) until February 7, 2019. Additionally, until this time Project Stewart did not believe that there was a "claim" to be reported to the insurers because there was no reason to believe that the damages negligently caused by Matcon exceeded the $25,000 deductible under the OCIP coverage. Under the Project Insurance Manual and the agreement between Marsh and Project Stewart, Marsh's only client was Project Stewart. Project Stewart never intended that Matcon would be a beneficiary of Marsh's services, which were intended to serve only Project Stewart as Marsh's only principal. | | X |

PRETRIAL ORDER - 30

**CASE NO. 2:19-cv-01952-JLR**

| NAME AND ADDRESS | EXPECTED TESTIMONY | WILL TESTIFY | POSSIBLE WITNESS ONLY |
|---|---|---|---|
| Brad Giles Graham Operations Manager c/o Athan E. Tramountanas Ogden Murphy Wallace PLLC 901 Fifth Avenue, Suite 3500 Seattle, WA 98164 206-829-2709 | Mr. Giles will testify about Matcon's negligent design and workmanship at the Project, Matcon's defaults for failing to timely complete its work, Matcon's negligence causing damages in October 2018 to the duct banks owned by Seattle City Light, Matcon's failure to offer a plan to prevent future duct-bank strikes or to timely meet Project deadlines, and the reasons that Graham terminated Matcon on November 23, 2018. | X | |
| Justin Ripkin Graham Project Manager c/o Athan E. Tramountanas Ogden Murphy Wallace PLLC 901 Fifth Avenue, Suite 3500 Seattle, WA 98164 206-829-2709 | Mr. Ripkin will testify about Matcon's negligent design and workmanship at the Project, Matcon's defaults for failing to timely complete its work, Matcon's negligence causing damages in October 2018 to the duct banks owned by Seattle City Light, Matcon's failure to offer a plan to prevent future duct-bank strikes or to timely meet Project deadlines, and the reasons that Graham terminated Matcon on November 23, 2018 | X | |
| Rule 30(b)(6) Deposition Testimony by Graham | As designated by Marsh. | X | |
| Rule 30(b)(6) Deposition Testimony by Matcon | As designated by Marsh. | X | |

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| NAME AND ADDRESS | EXPECTED TESTIMONY | WILL TESTIFY | POSSIBLE WITNESS ONLY |
|---|---|---|---|
| Scott Fankhauser c/o R. Eric Sanders Rolfes Henry Co., LPA 55 Monument Circle, Suite 1200A Indianapolis, Indiana 46204 317-608-6062 | Mr. Fankhauser will testify about his role and responsibilities as the Claims Executive for the OCIP and his investigation of the damages caused by Matcon's negligent duct-bank strikes in October 2018. | | X |
| Scott Sleight c/o Harper Hayes PLLC 1200 Fifth Avenue, Suite 1208 Seattle, WA 98101 206-340-8010 | Mr. Sleight is expected to testify consistent with his testimony at the FRCP 30(b)(6) deposition of Matcon. | | X |

**EXHIBITS**

| PLAINTIFF'S EXHIBITS | | | | | |
|---|---|---|---|---|---|
| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
| 1 | Commercial General Liability Insurance Policy No. H18PC30937-00 issued by Houston Casualty Company. (MAT008489-008567) (Ex. A-7) | Stipulated | Stipulated (HCC) | | |
| 2 | Project Insurance Manual (MAT001078-001109) (Ex. A-9) | Stipulated | Stipulated (HCC) | | |

PRETRIAL ORDER - 32

**CASE NO. 2:19-cv-01952-JLR**

| 3 | Matcon Certificate of Liability Insurance (MARSH001361-001362) | Stipulated | Stipulated (HCC) | | |
| 4 | October 8, 2018 E-mail exchange between Marsh, Graham and Westbank (MARSH000522-000529) (Ex. A-11) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 5 | September 27, 2018 Marsh e-mail regarding updates to contacts (MARSH000548-000550) | Stipulated | Disputed | 402 (Marsh); 801/802 (HCC) | |
| 6 | October 20, 2018 Matcon Incident Report (MAT007293-007300) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 7 | October 24, 2018 E-mail exchange regarding 1200 Stewart incident report (PS_00003-10; 00013-17) (Ex. A-12) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 8 | October 25, 2018 Graham letter to Matcon regarding Notice of Delay (MAT00003) (Ex. A-13) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 9 | October 30, 2018 Graham letter to Matcon regarding Notice of Delay (GRAHAM_MARSH SDT 00030-031) (Ex. A-15) | Stipulated | Objection (HCC) | 801/802 (HCC) | |

PRETRIAL ORDER - 33

**CASE NO. 2:19-cv-01952-JLR**

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| | | | | | |
|---|---|---|---|---|---|
| 10 | November 2, 2018 Matcon letter to Justin Ripkin, Natalie Cordova and Thomas Johnson regarding Matcon's request for insurance benefits under the OCIP (MAT00001-00003)<br><br>(Ex. A-16) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 11 | November 2, 2018 E-mail from Sedgwick to Marsh regarding Matcon's November 2, 2018 OCIP submission<br><br>(MARSH000413; MAT000002-000003) | Stipulated | Disputed (page 1 only) | Page 1 only:<br>802<br>402<br>F;<br>801/802 (HCC) | |
| 12 | January 29, 2019 E-mail exchange between Marsh employees regarding Matcon claim<br><br>(MARSH000594-000595) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 13 | November 6, 2018 Graham letter to Matcon regarding designation of cost of repairs to Duct Bank Replacement to Matcon<br><br>(MAT000006-000007)<br><br>(Ex. A-17) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 14 | November 6, 2018 Graham e-mails regarding Matcon<br><br>(Graham-Marsh-SDT_000196-000213)<br><br>(Ex. A-18) | Stipulated | Objection (HCC) | 801/802 (HCC) | |

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| | | | | | |
|---|---|---|---|---|---|
| 15 | November 7, 2018 Graham letter to Matcon regarding hold of payments (MAT000008) (Ex. A-19) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 16 | November 8, 2018 Matcon email to Justin Ripkin, Natalie Cordova and Thomas Johnson regarding Matcon's request for insurance benefits under OCIP (MAT000004-000008) (Ex. A-20) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 17 | November 9, 2018 Sedgwick's Scott Fankhauser e-mail to Marsh's Valerie Merry (MARSH000561) | Stipulated | Disputed | 802 F; 801/802 (HCC) | |
| 18 | November 16, 2018 Matcon's letter to Graham regarding Recovery Plan (MAT000796-000799) (Ex. A-21) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 19 | November 23, 2018 Graham letter to Matcon re termination of contract (GRAHAM011087) (Ex. A-22) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 20 | December 17, 2018 Marsh letter to Project Stewart (MARSH000551-000556) (Ex. A-10) | Stipulated | Objection (HCC) | 801/802 (HCC) | |

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| | | | | | |
|---|---|---|---|---|---|
| 21 | January 24, 2019 Graham to Sedgwick e-mail re Duct Bank Claim (MARSH00473) (Ex. A-23) | Stipulated | Disputed | 802 F; 801/802 (HCC) | |
| 22 | January 25, 2019 Graham letter to Matcon regarding property damage to City of Seattle owned sewer line on Yale Avenue (MAT000854) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 23 | January 29, 2019 Marsh e-mail exchange regarding Graham's incident report (MARSH000648-000650) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 24 | February 7, 2019 E-mail exchange between Marsh employees regarding handling Graham's claim (MARSH000466-000469) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 25 | January 31, 2019 Matcon letter to Justin Ripkin, Natalie Cordova and Thomas Johnson regarding Matcon's request for insurance benefits under OCIP (MAT000848-000854) (Ex. A-24) | Stipulated | Objection (HCC) | 801/802 (HCC) | |

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| | | | | | |
|---|---|---|---|---|---|
| 26 | February 8, 2019 E-mail exchange between Marsh employees regarding Matcon and Graham Claims<br><br>(MARSH000765-000766)<br><br>(Ex. A-25) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 27 | February 8, 2019 E-mail exchange between Marsh employees regarding 1-25-19 claim<br><br>(MARSH000906; MARSH000907-000985; MARSH000986-001023; MARSH001024-001025) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 28 | February 8, 2019 E-mail regarding Project Stewart Incident<br><br>(HCC000001-000013) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 29 | February 8, 2019 Marsh e-mail regarding City of Seattle—Sewer Line and January 25, 2019 incident report<br><br>(HCC001263-001265; HCC001138-001139) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 30 | February 11, 2019 Network Adjusters Inc. letter to Project Stewart LLC from Fernanda Aragon regarding claim CCL003197<br><br>(HCC000014)<br><br>(Ex. A-36) | Stipulated | Objection (HCC) | 801/802 (HCC) | |

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| | | | | | |
|---|---|---|---|---|---|
| 31 | February 11, 2019 Network Adjusters Inc. letter to Project Stewart LLC from Jeremy Davis regarding Claim CCL003196 (HCC001140) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 32 | February 28, 2019 Complaint filed by Matcon against the Graham Construction & Management, Inc., King County Superior Case No. 19-2-05800-5 SEA (MAT007864-007886) (Ex. A-28) | Stipulated | Stipulated (HCC) | | |
| 33 | May 30, 2019 Report from Frontier Adjusters to Network Adjusters (HCC000601-000603) (Ex. A-35) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 34 | May 30, 2019 E-mail from Graham to Marsh regarding Seattle City Light Claim (MARSH001397-001398) (Ex. A-34) | Stipulated | Disputed | 802 F 801/802 (HCC) | |
| 35 | Graham's July 19, 2019 Counterclaim Against Matcon in King County Superior Case No. 19-2-05800-5 SEA (MAT007916-007938) (Ex. A-30) | Stipulated | Stipulated (HCC) | | |

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| | | | | | |
|---|---|---|---|---|---|
| 36 | Matcon's August 7, 2019 letter to OCIP regarding tender of Graham's Counterclaim<br><br>(MAT000932-000967)<br><br>(Ex. A-32) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 37 | October 16, 2019 E-mail exchange between Marsh employees regarding Matcon claim<br><br>(MARSH002475-002476) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 38 | August 19, 2019 E-mail exchange between Marsh employees regarding Matcon claim (MARSH001628) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 39 | Matcon's October 7, 2019 RCW 48.30.015 Notice Letter to Marsh, Graham and Houston Casualty<br><br>(MAT001070-01151)<br><br>(Ex. A-33) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 40 | E-mail exchange between Marsh and Houston | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 41 | E-mail exchange between counsel for Houston and Matcon | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 42 | HCC's Subpoena to Marsh USA Inc. | Stipulated | Disputed | 402; 801/802 (HCC) | |

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| | | | | | |
|---|---|---|---|---|---|
| 43 | January 24, 2020 E-mail from Frontier Adjusters to Network Adjusters re Matcon, with attached May 24, 2019 Frontier letter to Network HCC000242-00255) (Ex. A-29) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 44 | June 17, 2020 Houston Casualty letter to Matcon (MAT008798-8808) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 45 | July 15, 2020 Houston Casualty letter to Matcon (MAT008897-8898) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 46 | July 16 Matcon's letter to Houston Casualty (008899-008900) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 47 | July 20, 2020 Matcon's Answers and Responses to Houston Casualty's First Set of Interrogatories and Second Set of Requests for Production | Stipulated | Disputed | 802; 801/802 (HCC) | |
| 48 | November 19, 2020 Houston Casualty letter to Matcon (MAT009039-009041) | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 49 | December 9, 2020 Matcon's Supplemental Answers to Houston Casualty's First Set of Interrogatories | Stipulated | Disputed | 802; 801/802 (HCC) | |
| 50 | May 24, 2021 Matcon's Responses to Marsh USA's First Requests for Production | Stipulated | Disputed | 802; 801/802 (HCC) | |

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| | | | | | |
|---|---|---|---|---|---|
| 51 | August 31, 2021 E-mail exchange between counsel for Houston Casualty and C&F regarding Matcon's Damages | Stipulated | Disputed | MIL; 801/802 (HCC) | |
| 52 | CR 2A Agreement | Objection | Disputed | MIL  Not produced  Document does not exist | |
| 53 | Backup documents for Claim | Stipulated | Disputed | MIL | |
| 54 | Liability Notice of Occurrence/Claim | Stipulated | Objection (HCC) | 801/802 (HCC) | |
| 55 | Ahlers Cressman & Sleight PLLC's Defense Invoices from the Underlying Action (MAT008839-008885; MAT008901-008961; MAT009057-009083) | Stipulated | Disputed | MIL  Produced after close of discovery | |
| 56 | Henry Spieker Expert Invoices from the Underlying Action (MAT008930-008952) | Stipulated | Disputed | MIL; 801/802 (HCC) | |
| 57 | December 18, 2019 CR2A Agreement Between MatconUSA LP USA and DeWitt Construction, Inc. (MAT009005) | Stipulated | Disputed | MIL; 801/802 (HCC) | |

PRETRIAL ORDER - 41

**CASE NO. 2:19-cv-01952-JLR**

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| DEFENDANT HOUSTON CASUALTY'S EXHIBITS | | | | | |
|---|---|---|---|---|---|
| A-1 | Ahlers Cressman & Sleight PLLC's Defense Invoices from Underlying Action (MAT008839-008885; 008902-008929; 008953-008961) | Stipulated | Disputed | MIL | |
| A-2 | January 24, 2019 Marsh E-mail Exchange (MARSH000486-000487) | Stipulated | | | |
| A-3 | January 25, 2019 Marsh and Sedgwick E-mail Exchange (MARSH000603-000605) | Stipulated | Objection | FRE 801 Hearsay | |
| A-4 | Log Notes (HCC001086-001102) | Stipulated | Objection | FRE 801 Hearsay | |
| A-5 | February 11, 2019 Letter from Network Adjusters (HCC000997-001003) | Stipulated | Objection | FRE 801 Hearsay | |
| A-6 | February 11, 2019 Letter from Network Adjusters (HCC001729-001737) | Stipulated | Objection | FRE 801 Hearsay | |
| A-7 | July 1, 2019 Report from Frontier Adjusters (HCC000608-000679) | Stipulated | Objection | FRE 801 Hearsay | |
| A-8 | September 12, 2019 Crum & Forster letter to Matcon regarding Reservation of Rights | Stipulated | Objection | FRE 801 Hearsay | |

PRETRIAL ORDER - 42

**CASE NO. 2:19-cv-01952-JLR**

| | | | DEFENDANT MARSH'S EXHIBITS | | |
|---|---|---|---|---|---|
| A-9 | Declaration of Natalie Cordova in Support of Marsh's Motion for Summary Judgment filed May 16, 2022 (A-1) | Stipulated | Disputed | MIL | |
| A-10 | Declaration of Michael Chaplin filed May 16, 2022 (A-2) | Stipulated | Disputed | MIL | |
| A-11 | Declaration of Dwain Clifford in Support of Marsh's Motion for Summary Judgment filed May 16, 2022 (A-3) | Stipulated | Disputed | MIL | |
| A-12 | February 6, 2019 Coddington email to Merry (cc Fankhauser) re Project Stewart New Incident Report (MARSH000727-000729) (A-4 | Stipulated | Disputed | MIL | |
| A-13 | Matcon's Second Amended Complaint (A-5) | Stipulated | Disputed | MIL | |
| A-14 | Marsh's Answer to Matcon's Second Amended Complaint (A-6) | Stipulated | Disputed | MIL | |

PRETRIAL ORDER - 43

**CASE NO. 2:19-cv-01952-JLR**

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| A-15 | Axis Surplus Insurance excess policy #ELU 628311/01/2018 issued to insured Project Stewart (MARSH000165-000202)<br><br>(A-8) | Stipulated | Disputed | MIL | |
|------|------|------|------|------|------|
| A-16 | ACORD Liability Notice of Occurrence/Claim form<br><br>(A-9(a)) | Stipulated | Disputed | MIL | |
| A-17 | Matcon Incident Investigation Report Form, Incident Witness Statement Forms, and 10/23/18 Wes Miller (Atlas Geotechnical) email to Greg Bass (Matcon) (cc Glen Bransford (Matcon)) re Wes Miller witness statement (MAT007293-007300)<br><br>(A-9(b)) | Stipulated | Disputed | MIL | |
| A-18 | October 26, 2018 Bourgeois (Matcon) response to Graham's 10/25/18 Notice of Delay & Claim – Utility Conflicts<br><br>(A-14) | Stipulated | Disputed | MIL | |

PRETRIAL ORDER - 44

**CASE NO. 2:19-cv-01952-JLR**

| A-19 | February 8, 2019 Marsh (Dickinson) forwards First Notice of Loss to carriers (cc Ripkin, Johnson, Merry, Cordova). (MARSH000241-000252)<br><br>(A-26) | Stipulated | Disputed | MIL | |
| A-20 | May 23, 2019 Houston Casualty email string tracking from Marsh 02/08/19 notice through 05/23/19 as Network Adjusters is assigned as adjusters, status of onsite investigation, seeking report from Gombasy at Frontier Adjusters. Includes: Dickinson (Marsh), Horri (Westbank), Lewis (Marsh), Jeremy Davis (Network), Chris Gainer (Claim Management, Inc.), Fernanda Aragon. HCC000232-000241)<br><br>(A-27) | Stipulated | Disputed | MIL | |
| A-21 | May 25, 2019 Gombasy (Frontier Adjusters) report to Aragon ("Our investigation to date is essentially still at square one"). (HCC000242-000255)<br><br>(A-29) | Stipulated | Disputed | MIL | |

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

| A-22 | Scott Sleight (Matcon counsel) letter to Crum & Forster advising of Graham Counterclaim (Counterclaim attached) (A-31) | Stipulated | Disputed | MIL | |
|------|------|------|------|------|------|

## ACTION BY THE COURT

(a)    This case is scheduled for trial before a jury on August 29, 2022 at 1:30 p.m.

(b)    Trial briefs shall be submitted to the court on or before August 22, 2022.

(c)    Jury instructions requested by the parties shall be submitted to the court on or before August 22, 2022.  Suggested questions of the parties to be asked of the jury by the court on voir dire shall be submitted to the court on or before August 22, 2022.

(d)    The court ruled on summary judgment motions made by the parties on July 14, 2022 (*Dkt. 129*).

This order has been approved by the parties as evidenced by the signatures of their counsel.  This order shall control the subsequent course of the action unless modified by a subsequent order.  This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this ___15th___ day of ___August_____, 2022.

JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

PRETRIAL ORDER - 46

**CASE NO. 2:19-cv-01952-JLR**

HARPER | HAYES PLLC
1200 Fifth Avenue, Suite 1208
Seattle, Washington 98101
Telephone: 206-340-8010

1    FORM APPROVED:

| HARPER \| HAYES PLLC | MCDERMOTT WEAVER CONNELLY CLIFFORD LLP |
|---|---|
| By: s/ *Thomas M. Williams*<br>    Gregory L. Harper, WSBA No. 27311<br>    Thomas M. Williams, WSBA No. 47654<br>    1200 Fifth Avenue, Suite 1208<br>    Seattle, WA 98101<br>    (206) 340-8010<br>    greg@harperhayes.com<br>    twilliams@harperhayes.com<br>    Attorneys for Plaintiff | By: s/ *James T. McDermott*<br>    James T. McDermott, WSBA No. 30883<br>    Dwain M. Clifford, WSBA No. 39911<br>    1000 SW Broadway, Suite 960<br>    Portland, OR 97205<br>    (503) 208-6948<br>    jmcdermott@mwcc.law<br>    dclifford@mwcc.law<br>    Attorneys for Defendant Marsh USA Inc. |
|  | GORDON REES SCULLY MANSUKHANI LLP |
|  | By:    s/ *Kyle J. Silk-Eglit*<br>    Neal J. Philip, WSBA No. 22350<br>    Kyle J. Silk-Eglit, WSBA No. 43177<br>    701 Fifth Avenue, Suite 2100<br>    Seattle, WA 98104<br>    (206) 695-5100<br>    nphilip@grsm.com<br>    ksilkeglit@grsm.com<br><br>Attorneys for Defendant Houston Casualty Company |

PRETRIAL ORDER - 47

**CASE NO. 2:19-cv-01952-JLR**