UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATCONUSA LP,<br><br>              Plaintiff,<br>     v.<br><br>HOUSTON CASUALTY<br>COMPANY, et al.,<br><br>              Defendants. | CASE NO. C19-1952JLR<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION |

## I.    INTRODUCTION

Before the court is Plaintiff MatconUSA LP's ("Matcon") motion for reconsideration of the court's August 16, 2022 order granting Defendant Marsh USA Inc.'s ("Marsh") Motion in Limine ("MIL") 1 or, in the alternative, for dismissal of its negligence claim against Marsh and entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).  (MFR (Dkt. # 158); Reply (Dkt. # 169); *see* 8/16/22 Order (Dkt. # 157) at 3.)  Marsh opposes Matcon's motion for reconsideration and agrees with

Matcon that dismissal and entry of final judgment on Matcon's negligence claim are appropriate. (Resp. (Dkt. # 165); *see* 8/17/22 Order (Dkt. # 159) (directing Marsh to file a response pursuant to Local Rules W.D. Wash. LCR 7(h)(3)).) Having reviewed the motion, the parties' briefing, the remainder of the record, and the applicable law, and being fully advised, the court GRANTED in part and DENIED in part Matcon's motion for reconsideration in an oral ruling during a teleconference with the parties on August 23, 2022. (*See* 8/23/22 Min. Entry (Dkt. # 177); 8/23/22 Min. Order (Dkt. # 178).) The court issues this written order to explain its reasoning for its ruling.

## II.   BACKGROUND

The court set forth the factual and procedural background of this case in detail in its July 14, 2022 order on the parties' motions for summary judgment. (*See* 7/14/22 Order (Dkt. # 129) at 2-13, 17-20.) Accordingly, the court focuses here only on background relevant to Matcon's motion.

This case arises from a dispute regarding damage allegedly caused by Matcon at a construction project located at 1200 Stewart Street in Seattle, Washington ("the Project"). (*See* 7/14/22 Order at 2-13.) Matcon filed this action for insurance benefits, including defense and indemnity coverage, against Defendant Houston Casualty Company ("Houston") in November 2019. (*See* Compl. (Dkt. # 1).) It amended its complaint in February 2020. (*See* Am. Compl. (Dkt. # 19).) The court set the parties' original trial date on April 26, 2021. (3/21/20 Sched. Order (Dkt. # 22).)

After receiving documents from Marsh pursuant to a third-party subpoena issued by Houston, Matcon amended its complaint again in July 2020 to add Marsh and former

Defendant Crum & Forster Specialty Insurance Company ("CFSIC") as defendants. (2d Am. Compl. (Dkt. # 30); *see* Mot. to Amend (Dkt. # 27) at 4-5.) On November 17, 2020, the court granted the parties' stipulated motion to continue the trial date due to the addition of Marsh and CFSIC as defendants and set the discovery completion date on May 28, 2021; the dispositive motions deadline on June 29, 2021; and the trial on November 8, 2021. (11/17/20 Order (Dkt. # 53); *see* 11/17/20 Sched. Order (Dkt. # 54).) Because the court's November 17, 2020 scheduling order reset only the deadlines that had not yet expired when the parties moved for the continuance (*compare* 11/17/20 Sched. Order; *with* 3/21/20 Sched. Order), Matcon, Houston, and CFSIC jointly moved to reset the deadlines for disclosure of expert testimony and motions related to discovery, arguing that "the parties require additional time to identify and prepare their respective experts, conduct discovery, and to resolve an[y] discovery-related disputes." (*See* 12/16/20 Mot. (Dkt. # 60).) Magistrate Judge Theresa L. Fricke granted the parties' motion and set the expert disclosure deadline on April 2, 2021 and the discovery motions deadline on May 28, 2021. (12/16/20 Order (Dkt. # 61).) Despite representing that it needed time to identify and prepare its expert witnesses, Matcon never disclosed any experts. (*See* Matcon MIL Resp. (Dkt. # 146) at 2 (acknowledging that it did not intend to present expert testimony).)

On March 22, 2021, the court dismissed Matcon's tortious interference with economic relations claim against Marsh. (3/22/21 Order (Dkt. # 70) at 3-4 (citing R&R (Dkt. # 59) at 17-18).) As a result, Matcon's sole remaining claim against Marsh was for negligence arising from Marsh's failure to notify Houston of requests for insurance

benefits Matcon submitted by email and through the Project's Owner-Controlled Insurance Program ("OCIP") Portal. (*See* 2d Am. Compl. ¶¶ 55-57.)

On September 16, 2021, after the court denied a motion to continue filed by Marsh (*see* 8/30/21 Order (Dkt. # 82)), Matcon and Marsh jointly moved the court for a six-month continuance of the trial date and pretrial deadlines (9/16/21 Mot. (Dkt. # 83)). They argued that they had good cause for an extension because an underlying lawsuit (the "Underlying Lawsuit") between Matcon, Marsh, the Project's general contractor Graham Construction & Management, Inc. ("Graham"), and the Project's owner Project Stewart LLC ("Project Stewart") had not yet resolved and, as a result, "Matcon's claim for indemnity coverage [was] not yet ripe for trial." (*Id.* at 3.) Matcon represented that it had "reached an agreement in principle" in the Underlying Lawsuit in March 2020 "that would resolve all claims made by and against Matcon," but that no final agreement had been signed because Project Stewart and Graham had not resolved the claims between them. (*Id.* at 3 (citing 9/6/21 Sleight Decl. (Dkt. # 84) ¶¶ 4-7).) Matcon expected, however, that the Underlying Lawsuit would be "finally resolved in the near future." (*Id.* (citing 9/6/21 Sleight Decl. ¶ 8).[1]) The court denied the joint motion but offered to move trial to the end of the court's calendar in summer 2023 if the parties stipulated to the same. (9/16/21 Order (Dkt. # 86).)

On September 23, 2021, after a telephonic conference with counsel for all parties, the court vacated the November 8, 2021 trial date; reset trial on August 29, 2022; and

---

[1] The parties finally resolved the Underlying Lawsuit on August 23, 2022. (*See* 8/25/22 Sleight Decl. (Dkt. # 180) ¶¶ 8-11.)

ORDER - 4

granted in part Marsh's request to reopen discovery. (9/23/21 Min. Entry (Dkt. # 88); 9/23/21 Min. Order (Dkt. # 89).) The court granted Marsh leave to take the depositions of three witnesses; granted the parties leave to "examine the disclosed expert witnesses on issues of damages after the underlying state-court lawsuit is resolved"; and set a May 2, 2022, deadline for completing this additional discovery. (9/23/21 Min. Order at 2.) The court directed the Clerk to issue an updated scheduling order that reset the "remaining unexpired case deadlines" based on the new trial date. (*Id.*; *see* 9/24/21 Sched. Order (Dkt. # 91).) Because the expert disclosures deadline had expired on April 2, 2021, the new scheduling order did not reset that deadline. (*See* 9/24/21 Sched. Order.)

Marsh and Matcon filed cross-motions for summary judgment in May 2022. (*See* Marsh MSJ (Dkt. # 92); Matcon MSJ (Dkt. # 105).[2]) The court granted Matcon's motion in part, concluding that Marsh owed Matcon, as an enrollee in the OCIP, "duties of reasonable skill, ordinary care, diligence, and good faith in carrying out the instructions of Project Stewart and [Westbank Holdings US Ltd. ("Westbank")][3]." (*See* 7/14/22 Order at 25.) It denied the parties' motions for summary judgment in all other respects. (*See generally id.* at 17-28.)

---

[2] Houston and CFSIC also filed motions for summary judgment in May 2022. (Houston MSJ (Dkt. # 99); CFSIC MSJ (Dkt. # 93).) Because those motions are not relevant to Matcon's motion for reconsideration, the court does not discuss them further in this order.

[3] Westbank is Project Stewart's owner. (*See* 7/14/22 Order at 2-13, 17-20.)

ORDER - 5

1    The parties filed motions in limine on July 18, 2022.  (*See* Marsh MIL (Dkt.
2    # 136); Matcon MIL (Dkt. # 134); *see also* Houston MIL (Dkt. # 130); CFSIC MIL (Dkt.
3    # 132).)  In relevant part, Marsh's MIL 1 asked the court to preclude Matcon from
4    "offering any evidence, testimony, or argument regarding the standard of care allegedly
5    breached by Marsh because Matcon has failed to identify any expert witness to testify
6    about this uniquely specialized form of insurance" offered through the OCIP.  (Marsh
7    MIL at 3-13.)  Marsh argued that expert testimony was necessary for the jury to
8    understand Marsh's professional duty of care because the standard of care owed by an
9    OCIP Project Manager is "beyond the expertise of a lay person."  (*Id.* at 6 (quoting
10   *Harris v. Groth*, 663 P.2d 113, 118 (Wash. 1983)); *see also id.* at 8-12 (discussing issues
11   that, according to Marsh, cannot be answered without expert testimony).)  Matcon
12   countered that expert testimony was not required because the duty of care defined by the
13   court left "the jury with the relatively straight-forward task of determining whether
14   Project Stewart or Westbank instructed Marsh to report Matcon's insurance claims."
15   (Matcon MIL Resp. at 2.)  It argued that expert testimony was unnecessary because the
16   court had already established the applicable standard of care (*id.* at 2-3 (quoting *Douglas*
17   *v. Freeman*, 814 P.2d 1160, 1165 (Wash. 1991)); that "expert testimony is unnecessary
18   where the acts in question are within the common knowledge or experience of lay
19   persons" (*id.* at 3 (quoting *Sudre v. The Port of Seattle*, No. C15-0928-JLR, 2016 WL
20   7035062, at *20 (W.D. Wash. Dec. 2, 2016)); and that "an average person can determine
21   whether an instruction has been issued without expert testimony" (*id.* at 6).
22

ORDER - 6

On July 22, 2022, Matcon moved the court for reconsideration of the tort duty owed by Marsh to OCIP enrollees, which the court had previously defined in its summary judgment order. (1st MFR (Dkt. # 137); 7/14/22 Order at 26.) It urged the court to conclude instead that Marsh owed Matcon (1) a "duty to exercise reasonable skill and ordinary care and diligence;" (2) a "duty to exercise good faith and carry out instructions;" and (3) a "duty to notify insurers of claims, provided that Marsh is informed in writing by Project Stewart or Westbank of the claim." (1st MFR at 5.)

On August 12, 2022, the court granted Matcon's motion for reconsideration of Marsh's tort duty in part, concluding that Marsh owed Matcon "a duty to exercise reasonable care in performing the promises it made in the Engagement Letter [between Marsh and the Project's owner, Westbank], including the promise to prepare loss notices and notify insurers of claims provided Marsh was informed in writing by Westbank or Project Stewart of the claim." (8/12/22 Order (Dkt. # 154); *see* 10/19/20 Williams Decl. (Dkt. # 48) ¶ 9, Ex. G ("Engagement Letter"), at 2.)

During the pretrial conference in this matter on August 15, 2022, the court heard argument on the motions in limine and issued an oral ruling granting Marsh's MIL 1. (*See* 8/15/22 Min. Entry (Dkt. # 156).) In a written order summarizing its oral rulings, the court explained:

> "In general, expert testimony is required when an essential element in the case is best established by an opinion which is beyond the expertise of a layperson." *Harris v. Groth*, 663 P.2d 113, 118 (Wash. 1983); *see also AAS-DMP Mgmt., LP Liquidating Tr. v. Acordia Nw., Inc.*, 63 P.3d 860, 865 (Wash. Ct. App. 2003) ("Generally, if the act in question is within the ordinary knowledge and experience of laypersons, we have not required expert testimony."). The court is persuaded that what a reasonable [OCIP]

ORDER - 7

> Administrator / Broker would do under the circumstances presented in this case is not within the ordinary knowledge and experience of laypersons. Therefore, expert testimony is necessary to establish the standard of care.

(8/16/22 Order at 3.) The court also explained that Matcon's reliance on *Douglas* was misplaced because, contrary to Matcon's assertion, that court did not hold that expert testimony was unnecessary after a court decides the applicable duty of care. (*Id.* at 3 n.1 (citing *Douglas*, 814 P.3d at 1164-65).) Matcon filed the instant motion for reconsideration later that same day. (*See* MFR.)

### III.   ANALYSIS

**A.   Motion for Reconsideration**

"Motions for reconsideration are disfavored," and the "court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). As the court explained in its oral ruling on August 23, 2022, Matcon has met neither standard.

Matcon argues that the court committed manifest error when it granted Marsh's MIL 1 because "(1) the [c]ourt has already defined Marsh's duty; and (2) under the circumstances presented in this case—i.e., considering the evidence currently in the record—the common knowledge or experience of laypersons is sufficient for a jury to determine whether Marsh breached its duty or the applicable standard of care." (Mot. at 2.) It contends that based on the court's formulation of Marsh's duty of care, determining whether Marsh breached its duty to notify the OCIP insurers of Matcon's claims "is a simple, binary issue—either Marsh 'was informed in writing by Westbank or Project

Stewart of the claim,' or it wasn't." (*Id.* at 3; *see also* Reply at 2 (arguing that "Marsh's duty has only two parts: (1) the trigger . . . and (2) the duty itself").)

As Marsh points out, however, this case involves the administration of a unique type of insurance that is outside of the ordinary knowledge and experience of laypersons, and Matcon has overly simplified the issues the jury will need to consider. (*See* Resp. at 3; *see also* 8/16/22 Order at 3.) The task for the jury is to determine whether Marsh acted with *reasonable care* in performing its duties under the Engagement Letter. *See* Wash. Pattern Jury Instr. Civ. WPI 10.01 (defining "negligence" as "the failure to exercise ordinary care"); *id.* WPI 10.02 (defining "ordinary care" as "the care a reasonably careful person would exercise under the same or similar circumstances"). Without expert testimony to explain to the jury what a "reasonably careful" OCIP Administrator / Broker would have done under the circumstances presented in this case, the jury will have no standard against which to measure Marsh's conduct.

Indeed, the court agrees with Marsh that expert testimony is required to aid the jury in considering a number of questions relevant to whether Marsh's conduct was consistent with that of a reasonably careful OCIP Administrator / Broker. These questions may include whether a reasonably careful OCIP Administrator / Broker would have (1) interpreted a November 9, 2018 email from the Project's Claims Executive as having "informed" Marsh of Matcon's claims, thus triggering Marsh's duty to report them to Houston; (2) considered Matcon's OCIP Portal submissions, which involved a dispute between two insureds enrolled in the OCIP, to be "claims" within the meaning of the OCIP; (3) evaluated whether Matcon's claims exceeded the OCIP's $25,000

deductible before reporting the claims to Houston; and (4) forwarded Matcon's entire OCIP Portal submissions, including its requests for defense and indemnity and its correspondence with Graham, to Houston. (*See* Resp. at 6; *see also* Marsh MIL at 8-9.) The court agrees that the jury would need testimony from an expert experienced in the administration of OCIPs in order to answer these questions.

Finally, although Matcon is correct that "negligence claims against insurance brokers do not automatically require expert testimony" (Reply at 3 (citing *Acordia Nw., Inc.*, 63 P.3d at 865); *see also* Matcon MIL Resp. at 4-6), it ignores that Marsh acted not only as Project Stewart's broker, but also as the administrator for the OCIP. Although laypersons may commonly understand an insurance broker's responsibility to, for example, procure requested coverage or ensure that coverage does not lapse for failure to pay premiums (*see id.* at 4 (quoting *Humiston Grain Co. v. Rowley Interstate Transp. Co.*, 512 N.W. 2d 573, 575 (Iowa 1993)), the court finds it extremely unlikely that the role of an OCIP Administrator / Broker in a complex construction project would be within the common knowledge of a layperson. For these reasons, the court concludes that Matcon has not met its burden to show that the court committed manifest error when it granted Marsh's MIL 1 and DENIES Matcon's motion for reconsideration.

## B. Request for Entry of Final Judgment

Having denied the motion for reconsideration, the court now takes up Matcon's request for the alternative relief of dismissal and entry of final judgment under Federal Rule of Civil Procedure 54(b). (*See* MFR at 5.) Matcon concedes that it cannot prove its negligence claim against Marsh if the court requires expert testimony to establish what a

reasonable OCIP Administrator / Broker would do under the circumstances presented in this case. (*Id.*)  Therefore, according to Matcon, the court should not delay in dismissing its negligence claim and entering final judgment.  (*Id.*)  Marsh joins in Matcon's request to dismiss Matcon's negligence claim and enter final judgment.  (Resp. at 7.)  The court grants in part and denies in part Matcon's request.

First, the court agrees with Matcon and Marsh that, absent expert testimony to establish the standard of care in this case, Matcon will be unable to prove its negligence claim at trial as a matter of law.  Therefore, the court DISMISSES Matcon's negligence claim against Marsh with prejudice.

Second, the court declines to enter final judgment on Matcon's negligence claim at this time.  Rule 54(b) provides, in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P 54(b).  Here, a four-day trial on the remaining claims between Matcon and Houston is set to begin on September 12, 2022.  (*See* 8/23/22 Min. Entry.)  As a result, under the current case schedule, all of the claims in this matter should be resolved within a matter of weeks.  The court concludes that it is in the interest of sound judicial administration to enter a single final judgment after the claims between Matcon and Houston have been resolved in order to prevent the risk of piecemeal appeals in this case.  *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980) (committing the


decision regarding whether to grant a request under Rule 54(b) to the district court's discretion). Matcon's request is, therefore, DENIED.

## IV. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Matcon's motion for reconsideration of the court's decision to grant Marsh's MIL 1 (Dkt. # 158) is DENIED;

2. Matcon and Marsh's joint request to dismiss Matcon's negligence claim against Marsh is GRANTED; and

3. Matcon and Marsh's joint request for entry of final judgment as to Matcon's negligence claim against Marsh is DENIED.

Dated this 26th day of August, 2022.

JAMES L. ROBART
United States District Judge