UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATCONUSA LP, | CASE NO. C19-1952JLR |
| Plaintiff, | ORDER |
| v. | |
| HOUSTON CASUALTY COMPANY, et al., | |
| Defendants. | |

Before the court is Plaintiff MatconUSA LP's ("Matcon") motion for a limited reopening of discovery and for a trial continuance. (Mot. (Dkt. # 179).) Matcon states that the underlying lawsuit in King County Superior Court between it, Graham Construction & Management, Inc. ("Graham"), and Project Stewart LLC ("Project Stewart") finally resolved on August 23, 2022. (*Id.* at 2-4.) Matcon asks the court to continue the trial date "to allow recognition of Matcon's indemnity claims and to allow [Defendant] Houston Casualty [Company ("Houston")] appropriate discovery into that

ORDER - 1

claim. (*Id.* at 1-2.)  Houston opposes the motion.  (Resp. (Dkt. # 186).)  The court reviewed the submissions of the parties, the relevant portions of the record, and the applicable law, and heard argument from the parties during a Zoom.gov video conference on August 30, 2022.  (*See* 8/30/22 Min. Entry (Dkt. # 187).)  Being fully advised, the court made oral rulings on the record during that video conference.  (*See id.*)  The court issues this order to memorialize those rulings.

      1.      The court GRANTS Matcon's motion for limited reopening of discovery and to continue the trial date (Dkt. # 179).  Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent."  "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  To show "good cause," a party must show that it could not meet the deadline imposed by the scheduling order despite its diligence.  *Id.* at 609.  Here, the court is satisfied that the unexpected final resolution of the Underlying Lawsuit just days before trial was beyond Matcon's control.  The court further finds that the interests of judicial efficiency and avoiding piecemeal litigation would be advanced by allowing Matcon to bring its claim for indemnity benefits in this lawsuit.

      2.      The court VACATES the September 12, 2022 trial date, the Pretrial Order (Dkt. # 183), and the deadlines set in the court's August 23, 2022 Order (Dkt. # 178).

      3.      The court REOPENS discovery for the limited purpose of allowing Houston to seek discovery regarding the settlement between Matcon, Graham, and Project Stewart.  Matcon and Houston are DIRECTED to meet and confer to develop a

plan for conducting this discovery.  The parties shall file this discovery plan no later than Friday, September 9, 2022.  The court will set a trial date and issue an amended scheduling order after it reviews the parties' discovery plan.  The amended scheduling order will reset the dispositive motions deadline to allow the parties to file motions for summary judgment.

4. The court ORDERS Matcon to supplement its initial disclosures with a computation of the damages that it is seeking in this lawsuit, consistent with Federal Rule of Civil Procedure 26(a)(1)(A)(iii).  Matcon shall supplement its initial disclosures by no later than Wednesday, September 7, 2022, and shall file a copy of the initial disclosures pleading on the docket.

5. Matcon orally renewed its motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to its dismissed negligence claim against former Defendant Marsh USA Inc. ("Marsh").  (*See* MFR (Dkt. # 158) at 5.)  Because the court is continuing trial, the court's earlier reasoning for denying Matcon's motion for entry of final judgment—that this matter would be fully resolved by mid-September—no longer applies.  (*See* 8/26/22 Order (Dkt. # 184) at 10-12.)  Therefore, finding no just reason for delay, the court GRANTS Matcon's renewed motion for entry final judgment as to its negligence claim against Marsh.

Dated this 30th day of August, 2022.

_____
JAMES L. ROBART
United States District Judge