UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATCONUSA LP, | CASE NO. C19-1952JLR |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL |
| v. | |
| HOUSTON CASUALTY COMPANY, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Plaintiff MatconUSA LP's ("Matcon") motion to compel. (Mot. (Dkt. # 223); Reply (Dkt. # 233).) Matcon asks the court to compel Defendant Houston Casualty Company ("Houston") to supplement its responses to Matcon's January 23, 2020 interrogatories and requests for production. (*See generally* Mot.) Houston opposes Matcon's motion. (Resp. (Dkt. # 231).) The court has considered the

ORDER - 1

submissions of the parties, the relevant portions of the record, and the governing law. Being fully advised,[1] the court DENIES Matcon's motion to compel.

## II.     BACKGROUND

This case arises from a dispute regarding damage allegedly caused by Matcon at a construction project located at 1200 Stewart Street in Seattle, Washington ("the Project"). (*See* 7/14/22 Order (Dkt. # 129).) Houston was the general liability insurer for an Owner Controlled Insurance Program for the Project, and Matcon was one of the subcontractors ensured under that policy. (*See id.*) The court set forth the factual and procedural background of this case in detail in its July 14, 2022 order on the parties' motions for summary judgment. (*See id.*) Accordingly, the court focuses here on the background relevant to Matcon's motion to compel.

Matcon filed this action against Houston in November 2019. (*See* Compl. (Dkt. # 1).) It amended its complaint in February 2020 (*see* Am. Compl. (Dkt. # 19)) and, in July 2020, amended it again to name Marsh USA, Inc. ("Marsh") and Crum & Forster Specialty Insurance Company ("CFSIC") as additional Defendants (2d Am. Compl. (Dkt. # 30)). In relevant part, Matcon alleges claims against Houston for declaratory relief, breach of contract, insurer bad faith, and violations of the Washington Insurance Fair Conduct Act, RCW 48.30.015 ("IFCA"), and the Washington Consumer Protection Act, ch. 19.86 RCW ("CPA"). (2d Am. Compl. ¶¶ 33-54.)

---

[1] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1) and the court finds that oral argument would not be helpful to its resolution of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

1         Matcon served interrogatories and requests for production on Houston on January
2  23, 2020.  (2/2/23 Williams Decl. (Dkt. # 224) ¶ 3.)  In relevant part, Matcon asked
3  Houston to (1) identify all claims for insurance benefits submitted to it under the Policy
4  that related to the Project; (2) explain its coverage position with respect to each of those
5  claims, including Matcon's claims; (3) produce its claim file and all other documents that
6  related to its adjustment of each of those claims, including Matcon's claims; and
7  (4) produce all correspondence or documents exchanged by or among Houston, Project
8  Stewart LLC ("Project Stewart") (the Project's owner), Graham Construction &
9  Management ("Graham") (the Project's general contractor), and others.  (*Id.* ¶ 4, Ex. A
10  (Houston's answers and responses to Matcon's discovery requests) at 5, 32, 46-47, 50.)
11  Houston responded to Matcon's requests on March 10, 2020, and produced responsive
12  documents on March 11 and June 3, 2020.  (*Id.* ¶¶ 4-5.)  Houston did not supplement its
13  interrogatory responses or its document production after June 3, 2020, nor did Matcon
14  request supplementation until shortly before it filed the instant motion to compel.  (*Id.*
15  ¶ 6; *id.* ¶ 9, Ex. D.)
16         The court originally set the discovery deadline on November 12, 2020, and the
17  trial on April 26, 2021.  (3/31/20 Sched. Order (Dkt. # 22).)  On November 17, 2020, the
18  court granted Houston's unopposed motion to continue and reset the discovery deadline
19  on May 28, 2021, and the trial date on November 8, 2021.  (11/17/20 Order (Dkt. # 53);
20  11/17/20 Sched. Order (Dkt. # 54).)
21         On September 16, 2021—nearly four months after the close of discovery—
22  Matcon and Marsh jointly moved the court for a six-month continuance of the trial date

and pretrial deadlines.  (9/16/21 Mot. (Dkt. # 83).)  They argued that they had good cause for an extension because an underlying state-court lawsuit (the "Underlying Lawsuit") between Matcon, Marsh, Graham, and Project Stewart had not yet resolved and, as a result, "Matcon's claim for indemnity coverage [was] not yet ripe for trial."  (*Id.* at 3.)  Matcon represented that it had "reached an agreement in principle" in the Underlying Lawsuit in March 2020 "that would resolve all claims made by and against Matcon," but that no final agreement had been signed because Project Stewart and Graham had not resolved the claims between them.  (*Id.* at 3 (citing 9/6/21 Sleight Decl. (Dkt. # 84) ¶¶ 4-7).)  Matcon expected, however, that the Underlying Lawsuit would be "finally resolved in the near future."  (*Id.* (citing 9/6/21 Sleight Decl. ¶ 8).)

The court denied the joint motion and held a telephonic conference with the parties to discuss the case schedule.  (9/16/21 Order (Dkt. # 86); 9/23/21 Min. Entry (Dkt. # 88); 9/23/21 Min. Order (Dkt. # 89).)  After hearing argument, the court vacated the November 8, 2021 trial date; reset trial on August 29, 2022; and granted in part Marsh's request for a limited reopening of discovery.  (9/23/21 Min. Order.)  The court granted Marsh leave to take the depositions of three witnesses; granted all parties leave to "examine the disclosed expert witnesses on issues of damages after the underlying state-court lawsuit is resolved"; and set a May 2, 2022, deadline for completing this additional discovery.  (*Id.*)  The court did not otherwise extend the expired May 28, 2021 discovery deadline.  (*Id.*; 9/24/21 Sched. Order (Dkt. # 91).)

On July 28, 2022, Matcon and CFSIC notified the court that they had settled all claims between them.  (7/28/22 Notice (Dkt. # 143).)  At the parties' request, the court

vacated the trial date only as to Matcon's claims against CFSIC. (7/29/22 Min. Order (Dkt. # 144).[2])

On August 15, 2022, with two weeks remaining before trial, the court ruled on the remaining parties' motions in limine. (8/15/22 Min. Entry (Dkt. # 156); 8/16/22 Order (Dkt. # 157).) The court subsequently granted Marsh and Matcon's joint request to dismiss Matcon's negligence claim against Marsh in light of Matcon's concession that it could not prove its claim without expert testimony. (8/23/22 Min. Entry (Dkt. # 177); 8/23/22 Min. Order (Dkt. # 178); *see also* 8/26/22 Order (Dkt. # 184) at 6-10 (denying Matcon's motion for reconsideration of the court's ruling on Marsh's motion in limine).[3]) On August 23, 2022, the court continued the trial of Matcon's claims against Houston, the only remaining Defendant, to September 12, 2022. (8/23/22 Min. Entry; 8/23/22 Min. Order.)

On August 25, 2022, Matcon moved for a limited reopening of discovery and for a trial continuance because Project Stewart and Graham had finally resolved the claims between them in the Underlying Lawsuit and, as a result, Matcon finally had in hand a signed settlement agreement. (8/25/22 Mot. (Dkt. # 179).) Matcon asked the court to allow it to assert its claim for indemnity benefits and to reopen discovery only to enable Houston to conduct "appropriate discovery" into Matcon's indemnity claim, which

---

[2] The court granted Matcon and CFSIC's joint motion to dismiss Matcon's claims against CFSIC on November 23, 2022. (11/23/22 Order (Dkt. # 211).)

[3] The court subsequently entered partial final judgment in Marsh's favor. (8/30/22 Judgment (Dkt. # 190).) Matcon has since appealed the dismissal of its negligence claim. (Not. of Appeal (Dkt. # 200).)

Matcon had previously asserted was not ripe while the Underlying Lawsuit remained pending. (*Id.*) During a hearing on the motion on August 30, 2022, the following colloquy between the court and Matcon's attorney, Gregory Harper, took place:

> THE COURT: All right. Last question, and then I'll turn to the other side. In your motion, which basically you're turning away from at this point, you said discovery for the purpose of Matcon not seeking discovery, but instead, it refers to only allowing Houston time for discovery. Is that correct?
>
> MR. HARPER: That was the request, yes, Your Honor.
>
> THE COURT: All right. And are you sticking with it?
>
> MR. HARPER: Our analysis shows that it would be Houston who would require the discovery. I am sticking with it, yes.
>
> THE COURT: All right. So if I reopen this, they're going to do discovery and you're not; do you understand that?
>
> MR. HARPER: I understand that.
>
> THE COURT: All right. And do you understand that, since you're the one who's injecting the question of the coverage under the policy, you'd know on that, and you've said you do not have any expert witnesses and that Houston is going to be allowed, if they want to do so, to name an expert to comment, although I'm not sure what they would comment on. Do you understand that?
>
> MR. HARPER: I understand that, Your Honor.

(8/30/22 Tr. (Dkt. # 196) at 15:7-16:3; *see also id.* at 21:18-21 ("I'm going to reopen discovery for the limited purpose of allowing Houston—and I stress 'limited purpose' and Houston only—to seek discovery regarding the settlement between Matcon, Graham, and Project Stewart.").)

The court agreed, in the interests of judicial efficiency and avoiding piecemeal litigation, to allow Matcon to assert its claim for indemnity benefits in this lawsuit.

(8/30/22 Order (Dkt. # 189) at 2.)  Accordingly, the court vacated the trial date; reopened discovery "for the limited purpose of allowing Houston to seek discovery regarding the settlement between Matcon, Graham, and Project Stewart"; directed the parties to file a discovery plan; and ordered Matcon to supplement its initial disclosures with a computation of the damages that it is seeking in this lawsuit.  (*Id.* at 2-3.)  The parties filed their discovery plan on September 9, 2022, and jointly requested six additional months to complete Houston's discovery.  (Disc. Plan (Dkt. # 192) at 3.)  On September 13, 2022, the court set a May 30, 2023 deadline for Houston to complete its limited discovery and set the trial to begin on September 25, 2023.  (9/13/22 Sched. Order (Dkt. # 193).)

        Houston filed a motion for partial summary judgment on December 29, 2022.  (MPSJ (Dkt. # 212).)  On January 6, 2023, another of Matcon's attorneys, Thomas Williams, asked Neal Philip, counsel for Houston, to supplement Houston's March and June 2020 discovery responses.  (2/13/23 Philip Decl. (Dkt. # 232) ¶¶ 10-11, Ex. C (1/6/23 letter from Mr. Williams).)  During a meet-and-confer call on January 27, 2023, Mr. Philip informed Mr. Williams that he believed Matcon had waived its right to supplementation when it informed the court that it would not conduct any additional discovery.  (*Id.* ¶¶ 12-14; *see also id.* ¶¶ 17-18, Ex. D (2/1/23 email regarding Houston's position on supplementation).)  Matcon filed its motion to compel Houston to supplement its discovery responses shortly thereafter.  (*See* Mot.)  Matcon has not asserted that it needs the supplemental responses to oppose Houston's motion for partial summary

judgment, nor has it asked the court to defer a decision on Houston's motion pursuant to Federal Rule of Civil Procedure 56(d). (*See generally id.*; MPSJ Resp. (Dkt. # 215).)

### III.     ANALYSIS

Matcon argues that Federal Rule of Civil Procedure 26(e) requires Houston to timely supplement its responses to Matcon's interrogatories and requests for production, even after the discovery cutoff date. (Mot. at 5-8 (citing Fed. R. Civ. P. 26(e)(1)).) It contends that Houston has made "crucial coverage decisions relating to Matcon's claim" since it last supplemented its discovery responses and cites as evidence letters sent from Houston to Matcon in June 2020, July 2020, November 2022, and January 2023. (*Id.* at 3.) It also points to Houston's finding of indemnity coverage in early 2021 for other claims related to damage Matcon allegedly caused to a Seattle City Light utility duct bank at the Project site. (*Id.* at 3-4 (first citing 2/3/23 Williams Decl. ¶ 8, Ex. C (February 1, 2021 settlement agreement between Seattle City Light, Matcon, Graham, and Project Stewart); and then citing 12/29/22 Day Decl. (Dkt. # 214) ¶¶ 14-15 (acknowledging that Houston resolved the duct bank claims by paying "full indemnity compensation for the property damage caused by the duct bank strikes" to Seattle City Light).) Matcon asserts that it is likely that these claims adjustment activities affected Houston's March 2020 written responses to Matcon's interrogatories and resulted in the creation of new documents responsive to Matcon's requests for production. (*Id.* at 3.)

Houston wisely does not dispute that there is a general duty to supplement discovery responses. (*See generally* Resp.) It asserts, however, that Matcon waived its right to supplementation when it advised the court that it would not conduct any

additional discovery. (*Id.* at 7-9.) It points out that Matcon "obviously knew" in August 2022 that Houston's most recent document production had occurred in June 2020, but it nevertheless represented to the court that it understood that any order granting a trial continuance would allow only Houston to continue to seek discovery. (*Id.* at 8; *see* 8/30/22 Tr. at 15:7-16:3.) According to Houston, Matcon's insistence on supplementation is an attempt to circumvent the limitations the court placed on discovery when it granted Matcon's motion to continue. (Resp. at 8.) In reply, Matcon reiterates that it has not served any new discovery requests but instead seeks only supplemental responses to the original discovery requests it served in January 2020. (*See generally* Reply.)

As Houston recognizes, it had a duty to supplement its discovery responses, but nevertheless, it never did so after June 2020, in violation of Rule 26(e).[4] The court, however, concludes that Matcon should be judicially estopped from moving to compel supplementation based on its representations in its motion to continue and at the August 30, 2022 hearing. (*See* 8/25/22 Mot.; 8/30/22 Tr. at 15:7-16:3.)

Judicial estoppel is an equitable doctrine invoked at the discretion of the court. *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 601 (9th Cir. 1996). The doctrine "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Id.* at 600. The purpose

---

[4] Matcon, too, has a record of failing to supplement its disclosures and discovery responses in this litigation. (*See, e.g.*, 8/30/22 Tr. at 22:12-25 (ordering Matcon to supplement its March 2020 initial disclosures with a computation of the damages it is seeking in this lawsuit and warning that the court would not "tolerate any game-playing" with regard to the disclosure).)

of the doctrine is to protect the integrity of the judicial system and to "protect against a litigant playing fast and loose with the courts." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990).

> Several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be "clearly" inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal citations omitted).

These factors support the court's application of judicial estoppel. First, Matcon's demand for supplemental discovery is clearly inconsistent with its prior representations to the court that a continuance was necessary only to allow Houston time for discovery, that it believed only Houston needed to conduct discovery, and that it understood it would not be permitted to seek discovery. (*See* 8/25/22 Mot.; 8/30/22 Tr. at 15:7-16:3; *see also* Disc. Plan (making no mention of Matcon's intent to seek supplemental documents to support its claims).) Second, the court relied on these representations when it allowed Matcon to seek indemnity benefits in this lawsuit and granted Matcon's motion to continue less than two weeks before trial was set to begin. (*See generally* 8/30/22 Tr.; 8/30/22 Order.) Finally, the court concludes that it would be unfair to Houston to allow Matcon to obtain discovery now after Matcon had repeatedly represented that it would not seek discovery. The court notes that Matcon was clearly aware of Houston's 2020 letters regarding its coverage position on Matcon's claims and its 2021 agreement to indemnify Seattle City Light for Matcon's duct bank strikes well before the May 2021

discovery deadline—let alone the August 2022 trial date—but it never asked Houston to supplement its discovery responses nor moved to compel until early this year. Its failure to do so undermines its assertion that this information is now "vital" to its claims for breaches of contract and of the duty to defend, both of which were at issue in this lawsuit before Matcon moved to continue it. (*See* Pretrial Order (Dkt. # 183) at 2, 10.) For these reasons, the court concludes that Matcon is judicially estopped from moving to compel Houston to supplement its discovery responses and therefore DENIES Matcon's motion to compel.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Matcon's motion to compel (Dkt. # 223).

Dated this 23rd day of February, 2023.

JAMES L. ROBART
United States District Judge